## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

THE SALT RIVER PIMA-MARICOPA )
INDIAN COMMUNITY, )
           )
      **Plaintiff,** )
           )
      **v.** )     **Case No. 06-CV-02241-JR**
           )     **Judge James Robertson**
DIRK KEMPTHORNE, )
Secretary of the Interior, et alia )
           )
           )
      **Defendants.** )
_____)

## DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

Defendants Dirk Kempthorne, Secretary of the Interior, Ross O. Swimmer, Special

Trustee for American Indians, and Henry M. Paulson, Secretary of the Treasury (hereafter

collectively "Defendants" or "the United States") hereby submit the following Answer to the

Complaint.  Defendants specifically deny each and every allegation of the Complaint that is not

otherwise expressly admitted, qualified, or denied in this Answer.  The numbered paragraphs of

this Answer correspond to the numbered paragraphs of the Complaint.

## I.  "GENERAL NATURE OF THE ACTION"

1.  The allegations of Paragraph 1 constitute Plaintiff's characterizations of this suit to

which no response is required.

2.  As to the allegations of the first sentence of Paragraph 2, Defendants admit that the

United States has held tens of thousands of acres of land in trust for the benefit of the Salt River

Pima-Maricopa Indian Community (hereinafter Plaintiff) and that the remaining land in the Salt

River Reservation is held in trust for the benefit of individual Indians pursuant to allotment.  As to the allegations of the second sentence of Paragraph 2, Defendants admit that Plaintiff's trust funds either include or in the past have included judgment funds and funds derived from the proceeds of trust property.  The third sentence of Paragraph 2 consists of Plaintiff's characterizations of the report of Arthur Andersen LLP.  That report speaks for itself and is the best evidence of its contents.   The Interior Department Defendants admit that Attachment A-2 of the Agreed-Upon Procedures and Findings Report for the Plaintiff stated that for the period July 1, 1972, through September 30, 1992, the absolute dollar coverage (the sum of the gross value of all transactions in the specified accounts without consideration of positive and negative values) was approximately $480 million.  As to the fourth sentence of Paragraph 2, Defendants aver that the terms "full and adequate" and "accounting," as used by Plaintiff, are vague and  ambiguous, such that Defendants are unable to formulate a response thereto, *see, e.g.*,  Bogert & Bogert, Trusts and Trustees (rev. 2d ed. 1982) §§ 965-968).  Notwithstanding the foregoing, Defendants aver that the Department of the Interior has furnished and continues to furnish Plaintiff with financial and accounting data and documentation, including, (a) from at least 1980 to 1995, reports entitled "Summary and Detail of Trust Fund Statements;" (b) a report in 1996 entitled "Tribal Trust Funds Reconciliation Project, Agreed-Upon Procedures and Findings Report for the Salt River Pima - Maricopa Indian Community" for Fiscal Years 1973-1992 ("Agreed-Upon Procedures and Findings Report"), which set forth the results of Interior's project to reconcile tribal trust accounts for Fiscal Years 1973-1992; and (c) from about 1995 to the present, periodic statements of accounts or performance for Plaintiff's trust fund monies received by Defendants. Further, Defendants aver that the United States has furnished Plaintiff with trust account

information as part of a judgment or settlement, in satisfaction of Plaintiff's accounting claims in cases including, but not limited to the proceedings in <u>Salt River Pima - Maricopa Indian Community v. United States</u>, Docket No. 291 of the Indian Claims Commission, including <u>Salt River Pima - Maricopa Indian Community</u>, 35 Ind. Cl. Comm. 225 (1974), <u>Id.</u>, 36 Ind. Cl. Comm. 274 (1974), and <u>Salt River Pima - Maricopa Indian Community v. United States</u>, 231 Ct. Cl. 1057 (1982).   Further, Defendants aver that additional information regarding Plaintiff's trust assets has historically been, and is, available to it upon request.  Defendants deny the remaining factual allegations of Paragraph 2.

3.   The first sentence of Paragraph 3 consists of Plaintiff's characterizations and conclusions of law to which no response is required.  Defendants admit that the United States has held tens of thousands of acres of land in trust for the benefit of the Plaintiff and that the remaining land in the Salt River Reservation is held in trust for the benefit of individual Indians pursuant to allotment.  Defendants admit the second sentence of Paragraph 3.  As to the third sentence of Paragraph 3, Defendants aver that the terms "over the years," "substantial," and "business uses and other purposes" as used by Plaintiff, are vague and  ambiguous, such that Defendants are unable to formulate a specific response thereto.   Defendants admit that portions of Plaintiff's trust lands have been leased for rights-of-way and other purposes.  As to the fourth sentence of Paragraph 3, Defendants aver that the term "accounting," as used by Plaintiff, is vague and  ambiguous, such that Defendants are unable to formulate a response thereto, *see, e.g.*, Bogert & Bogert, Trusts and Trustees §§ 965-968 (rev. 2d ed. 1982).  Notwithstanding the foregoing, Defendants aver that Interior has furnished and continues to furnish Plaintiff with financial and accounting data and documentation, including, (a) from at least 1980 to 1995,

reports entitled "Summary and Detail of Trust Fund Statements;" (b) a report in 1996 entitled

"Tribal Trust Funds Reconciliation Project, Agreed-Upon Procedures and Findings Report for

the Salt River Pima - Maricopa Indian Community" for Fiscal Years 1973-1992 ("Agreed-Upon

Procedures and Findings Report"), which set forth the results of Interior's project to reconcile

tribal trust accounts for Fiscal Years 1973-1992; and (c) from about 1995 to the present, periodic

statements of accounts or performance for Plaintiff's trust fund monies received by Defendant.

Defendants aver that the United States has furnished Plaintiff with trust account information as

part of a judgment or settlement, in satisfaction of Plaintiff's accounting claims in cases

including, but not limited to, the proceedings in Salt River Pima - Maricopa Indian Community

v. United States, Docket No. 291 of the Indian Claims Commission, including Salt River Pima -

Maricopa Indian Community, 35 Ind. Cl. Comm. 225 (1974), Id., 36 Ind. Cl. Comm. 274 (1974),

and Salt River Pima - Maricopa Indian Community v. United States, 231 Ct. Cl. 1057 (1982).

Further, Defendants aver that additional information regarding Plaintiff's trust assets is available

to it upon request.

        4.  As to the allegations of Paragraph 4, Defendants admit that they hold positions in the

United States Government that include duties as to the performance of certain legal obligations

towards Plaintiff.  The term "the record," in the second sentence of Paragraph 4, is vague and

ambiguous such that Defendants are unable to formulate a response thereto.  As to the

allegations contained in Subparagraph 4(a), Defendants aver that the term "accounting," as used

by Plaintiff is vague and ambiguous, such that Defendants are unable to formulate a response

thereto.  *See, e.g.,* Bogert & Bogert, Trusts and Trustees §§ 965-968 (rev. 2d ed. 1982).

Notwithstanding the foregoing, Defendants deny that the Secretary of the Treasury has any

4

obligations related to certain alleged duties, such as providing an accounting to Plaintiff or managing the land and resources of Plaintiff.   The remaining allegations in Paragraph 4 consist of Plaintiff's characterizations and conclusions of law to which no response is required. To the extent the remaining allegations in Paragraph 4 also contain factual averments, Defendants deny those allegations.

## II.  "THE PARTIES"

5.  As to the allegations in Paragraph 5, Defendants admit that Plaintiff is a federally-recognized Indian tribe and that the United States holds lands and other assets in trust for Plaintiff.  Defendants aver that the term "accounting," as used by Plaintiff, is vague and ambiguous, such that Defendants are unable to formulate a response thereto, *see, e.g.*,  Bogert & Bogert, Trusts and Trustees §§ 965-968 (rev. 2d ed. 1982).  Notwithstanding the foregoing, Defendants aver that Interior has furnished and continues to furnish Plaintiff with financial and accounting data and documentation, including, (a) from at least 1980 to 1995, reports entitled "Summary and Detail of Trust Fund Statements;" (b) a report in 1996 entitled "Tribal Trust Funds Reconciliation Project, Agreed-Upon Procedures and Findings Report for the Salt River Pima - Maricopa Indian Community" for Fiscal Years 1973-1992 ("Agreed-Upon Procedures and Findings Report"), which set forth the results of Interior's project to reconcile tribal trust accounts for Fiscal Years 1973-1992; and (c) from about 1995 to the present, periodic statements of accounts or performance for Plaintiff's trust fund monies received by Defendant.  Further, Defendants aver that the United States has furnished Plaintiff with trust account information as part of a judgment or settlement, in satisfaction of Plaintiff's accounting claims in cases including, but not limited to, the proceedings in Salt River Pima - Maricopa Indian Community

v. United States, Docket No. 291 of the Indian Claims Commission, including Salt River Pima - Maricopa Indian Community, 35 Ind. Cl. Comm. 225 (1974), Id., 36 Ind. Cl. Comm. 274 (1974), and Salt River Pima - Maricopa Indian Community v. United States, 231 Ct. Cl. 1057 (1982). Further, Defendants aver that additional information regarding Plaintiff's trust assets is available to it upon request.

6.    As to the allegations contained in the first sentence of Paragraph 6, Defendants admit that Dirk Kempthorne is the Secretary of the Interior and that the United States carries out certain of its legal responsibilities for Plaintiff through the Secretary of the Interior.  As to the allegations contained in the second sentence of Paragraph 6, the term "custody and control" is vague and ambiguous such that Defendants are unable to formulate a reply thereto. Notwithstanding such ambiguity, Defendants deny that the United States holds exclusive "custody and control"of Plaintiff's trust property, and aver that the Plaintiff shares custody and control of such trust assets.  Defendants further aver that the respective extent of Plaintiff's and the United States' custody and control of such trust property also are set forth in the provisions of and the regulations implementing statutes respecting tribal property held in trust.  The remaining allegations in the paragraph are conclusions of law to which no response is required.

7.    As to the allegations contained in Paragraph 7, Defendant admits that Ross O. Swimmer is the Special Trustee for American Indians; that he is appointed by the President of the United States with the advice and consent of the Senate; and that the United States carries out certain of its legal responsibilities for the Plaintiff (such as some of those specified in the American Indian Trust Reform Management Reform Act, 25 U.S.C. §§ 4001 *et seq*.) through the Special Trustee.  The remaining allegations in Paragraph 7 are conclusions of law to which no

response is required.

8.  As to the allegations of Paragraph 8, Defendants admit that Henry M. Paulson is the
Secretary of the Treasury.  The remaining allegations in Paragraph 8 are conclusions of law to
which no response is required.

### III.  "JURISDICTION AND VENUE"

9.  As to the allegations in Paragraph 9, Defendants admit that the Plaintiff is a federally
recognized Tribe.  The remainder of Paragraph 9 consists of Plaintiff's conclusions of law to
which no response is required.

10.  Paragraph 10 consists of Plaintiff's characterizations and conclusions of law to
which no response is required.  The cited statues and judicial decisions speak for themselves and
are the best evidence of their contents.

11.  Paragraph 11 consists of Plaintiff's conclusions of law to which no response is
required.

### IV.  "TRUST OBLIGATIONS"

12.  Paragraph 12 consists of Plaintiff's characterizations and conclusions of law to
which no response is required.  The cited judicial decision speaks for itself and is the best
evidence of its contents.

13.  As to the allegations of Paragraph 13, Defendants admit that Plaintiff is the
beneficial owner of certain lands and associated natural resources; that the United States holds
title to such lands and  associated natural resources in trust for the benefit of the Plaintiff; and
that income is derived from the sale of natural resources and conveyance of interests in the lands,
including through leases, easements, and rights of way.  As to the allegations in the first sentence

of Paragraph 13, the phrase "substantial portion" is vague and ambiguous such that Defendants

are unable to formulate a reply thereto.  The allegation in the last sentence of Paragraph 13 that

Plaintiff's assets and income "form the core of" its tribal trust assets also is vague and

ambiguous such that Defendants are unable to formulate a reply thereto.   Notwithstanding such

ambiguities, Defendants deny that the United States exercises exclusive control of or

management over Plaintiff's trust property, and aver that the Plaintiff shares control and

management of such trust assets.  Defendants further aver that the respective extent of Plaintiff's

and of the United States' control and management of such trust property also are set forth in the

provisions of and the regulations implementing statutes respecting tribal property held in trust.

14.  As to the allegations of Paragraph 14, Defendants admit that the United States has

held in trust for Plaintiff certain monies derived from settlements or judgments entered on claims

Plaintiff has brought against the United States, including claims brought under the Indian Claims

Commission Act.  Defendants admit that the United States has managed, invested and distributed

such judgment funds.

15.  The allegations of Paragraph 15 consist of Plaintiff's characterizations and legal

conclusions to which no response is required.  The cited judicial decisions speak for themselves

and are the best evidence of their contents.

16.  The allegations of Paragraph 16 consist of Plaintiff's characterizations and legal

conclusions to which no response is required.  The cited statutes and regulations speak for

themselves and are the best evidence of their contents.

17.  The allegations of Paragraph 17 consist of Plaintiff's characterizations and legal

conclusions to which no response is required.  The cited Act and judicial decision speak for

themselves and are the best evidence of their contents.

18. The allegations of Paragraph 18 consist of Plaintiff's characterizations and legal conclusions to which no response is required. The cited judicial decision speaks for itself and is the best evidence of its contents.

19. The allegations of Paragraph 19 consist of Plaintiff's characterizations and legal conclusions to which no response is required.

## V. **"BREACHES OF TRUST"**

20. The allegations of Paragraph 20 consist of Plaintiff's characterizations and conclusions of law to which no response is required.

21. As to the allegations of Paragraph 21, based on information and belief, Defendants deny that Plaintiff does not know or has no way to ascertain "the true state of its trust assets," and aver that information regarding Plaintiff's trust assets has been, and continues to be, available to it upon request. Further, Defendants aver that Interior has furnished and continues to furnish Plaintiff with financial and accounting data and documentation, including, (a) from at least 1980 to 1995, reports entitled "Summary and Detail of Trust Fund Statements;" (b) a report in 1996 entitled "Tribal Trust Funds Reconciliation Project, Agreed-Upon Procedures and Findings Report for the Salt River Pima - Maricopa Indian Community" for Fiscal Years 1973-1992 ("Agreed-Upon Procedures and Findings Report"), which set forth the results of Interior's project to reconcile tribal trust accounts for Fiscal Years 1973-1992; and (c) from about 1995 to the present, periodic statements of accounts or performance for Plaintiff's trust fund monies received by Defendant. Defendants aver that the United States has furnished Plaintiff with trust account information as part of a judgment or settlement, in satisfaction of Plaintiff's accounting

claims in cases including, but not limited to, the proceedings in Salt River Pima - Maricopa Indian Community v. United States, Docket No. 291 of the Indian Claims Commission, including Salt River Pima - Maricopa Indian Community, 35 Ind. Cl. Comm. 225 (1974), Id., 36 Ind. Cl. Comm. 274 (1974), and Salt River Pima - Maricopa Indian Community v. United States, 231 Ct. Cl. 1057 (1982).  As to the remaining allegations in Paragraph 21, they consist of Plaintiff's characterizations and conclusions of law to which no response is required.

22.  The allegations of Paragraph 22 consist of Plaintiff's characterizations of Cobell VI, 240 F.3d at 1090-91 and legal conclusions to which no response is required.  The cited judicial decision and reports speak for themselves and are the best evidence of their contents.

23.  The allegations of Paragraph 23 consist of Plaintiff's legal conclusions as well as characterizations of and quotations from the document entitled Misplaced Trust: The Bureau of Indian Affairs Mismanagement of the Indian Trust Fund, H.R. Rept. No. 102-499, 102nd Cong. 2d Sess. (1992), and Cobell VI, 240 F.3d at 1090, to which no response is required.  The cited judicial decision and Congressional report speak for themselves and are the best evidence of their contents.

24.  The allegations of Paragraph 24 consist of Plaintiff's legal conclusions as well as characterizations of and quotations from Cobell VI, 240 F.3d at 1100, to which no response is required.  The cited judicial decision speaks for itself and is the best evidence of its contents.

25.  The allegations of Paragraph 25 consist of Plaintiff's legal conclusions as well as characterizations of and quotations from a provision of the 1994 Trust Reform Act, 25 U.S.C. § 4011(a), and Cobell VI, 240 F.3d at 1102, to which no response is required.  The cited judicial decision and legislation speak for themselves and are the best evidence of their contents.

26.   The allegations of Paragraph 26 consist of Plaintiff's characterizations of and quotations from provisions of the 1994 Trust Reform Act, 25 §§ 4042 & 4041, to which no response is required.  The cited legislation speaks for itself and is the best evidence of its contents.

27.   The allegations of Paragraph 27 consist of Plaintiff's characterizations of and quotations from the 1994 Trust Reform Act to which no response is required.  The cited legislation speaks for itself and is the best evidence of its contents.

28.   As to the allegations contained in the first sentence of Paragraph 28, Defendants deny that the Secretary of the Treasury has any obligation to provide an accounting to Plaintiff.  In response to the allegations in sentence 3 of Paragraph 28, Defendant Swimmer denies that he has failed to take meaningful steps to achieve trust reform.  The remaining allegations of Paragraph 28 consist of Plaintiff's characterizations and conclusions of law to which no response is required.

29.   The allegations in Paragraph 29 consist of Plaintiff's characterizations and conclusions of law to which no response is required.  The cited legislation speaks for itself and is the best evidence of its contents.

30.   In response to the allegations of Paragraph 30, Defendants aver that the terms "a complete, accurate, and adequate accounting" and a "full and complete accounting," as used by Plaintiff, are vague and  ambiguous, such that Defendants are unable to formulate a response thereto, *see, e.g.*,  Bogert & Bogert, Trusts and Trustees §§ 965-968 (rev. 2d ed. 1982).  Notwithstanding such ambiguity, Defendants deny that the Secretary of the Treasury has any obligation to provide an accounting to Plaintiff.  Defendants further aver that, in addition to the

Arthur Andersen report in 1996 entitled "Tribal Trust Funds Reconciliation Project, Agreed-Upon Procedures and Findings Report for the Salt River Pima - Maricopa Indian Community" for Fiscal Years 1973-1992 ("Agreed-Upon Procedures and Findings Report"), which set forth the results of Interior's project to reconcile tribal trust accounts for Fiscal Years 1973-1992, Interior has furnished and continues to furnish Plaintiff with other financial and accounting data and documentation, including, (a) from at least 1980 to 1995, reports entitled "Summary and Detail of Trust Fund Statements;" and (b) from about 1995 to the present, periodic statements of accounts or performance for Plaintiff's trust fund monies received by Defendant.   Defendants aver that the United States has also furnished Plaintiff with trust account information as part of a judgment or settlement, in satisfaction of Plaintiff's accounting claims in cases including, but not limited to, the proceedings in Salt River Pima - Maricopa Indian Community v. United States, Docket No. 291 of the Indian Claims Commission, including Salt River Pima - Maricopa Indian Community, 35 Ind. Cl. Comm. 225 (1974), Id., 36 Ind. Cl. Comm. 274 (1974), and Salt River Pima - Maricopa Indian Community v. United States, 231 Ct. Cl. 1057 (1982).  Further, Defendants aver that additional information regarding Plaintiff's trust assets has historically been, and is, available to it upon request.  The second sentence of Paragraph 30 consists of Plaintiff's characterization of, and quotation from a document titled "Bureau of Indian Affairs' Proposed Legislative Options in Response to Tribal Trust Fund Reconciliation Project Results" (Dec. 1996), to which no response is required.  The cited document speaks for itself and is the best evidence of its contents.  The last sentence of Paragraph 30, including sub-paragraphs (a) through (d), consist of Plaintiff's characterization of cited U.S. General Accounting Office Reports and testimony to which no response is required.  The cited reports and testimony speak

for themselves and are the best evidence of their contents.  The remainder of the allegations of Paragraph 30 consist of Plaintiff's characterizations and conclusions of law to which no response is required.

31.  The allegations of Paragraph 31 consist of Plaintiff's legal conclusions as well as characterizations of and a quotation from a series of Interior Department Appropriations Acts, to which no response is required.  The cited Acts speak for themselves and are the best evidence of their contents.  Defendants further deny that the Secretary of the Treasury has any obligation to provide an accounting to Plaintiff.

## COUNT ONE

32.  Defendants incorporate by reference herein their responses to the allegations in Paragraphs 1-31 of the Complaint.

33. The allegations of Paragraph 33 consist of Plaintiff's characterizations and legal conclusions to which no response is required.

34.  The allegations of Paragraph 34 consist of Plaintiff's legal conclusions as well as characterization of and quotation from Cobell VI, 240 F.3d at 1103, to which no response is required.  The cited judicial decision speaks for itself and is the best evidence of its contents. Defendants further aver that the term "a complete, accurate and adequate accounting," as used by Plaintiff, is vague and  ambiguous, such that Defendants are unable to formulate a response thereto, *see, e.g.*,  Bogert & Bogert, Trusts and Trustees §§ 965-968 (rev. 2d ed. 1982). Notwithstanding such ambiguity, Defendants deny that the Secretary of the Treasury has any obligation to provide an accounting to Plaintiff.  Defendants aver that Interior has furnished and continues to furnish Plaintiff with financial and accounting data and documentation, including,

(a) from at least 1980 to 1995, reports entitled "Summary and Detail of Trust Fund Statements;"
(b) a report in 1996 entitled "Tribal Trust Funds Reconciliation Project, Agreed-Upon
Procedures and Findings Report for the Salt River Pima - Maricopa Indian Community" for
Fiscal Years 1973-1992 ("Agreed-Upon Procedures and Findings Report"), which set forth the
results of Interior's project to reconcile tribal trust accounts for Fiscal Years 1973-1992; and (c)
from about 1995 to the present, periodic statements of accounts or performance for Plaintiff's
trust fund monies received by Defendant.  Further, Defendants aver that the United States
furnished Plaintiff with trust account information as part of a judgment or settlement, in
satisfaction of Plaintiff's accounting claims in cases including, but not limited to, the
proceedings in Salt River Pima - Maricopa Indian Community v. United States, Docket No. 291
of the Indian Claims Commission, including Salt River Pima - Maricopa Indian Community, 35
Ind. Cl. Comm. 225 (1974), Id., 36 Ind. Cl. Comm. 274 (1974), and Salt River Pima - Maricopa
Indian Community v. United States, 231 Ct. Cl. 1057 (1982).  Further, Defendants aver that
additional information regarding Plaintiff's trust assets has historically been, and is, available to
it upon request.

35.  The allegations contained in paragraph 35 consist of conclusions of law to which no
response is required.

36.  The allegations contained in paragraph 36 consist of conclusions of law to which no
response is required.  Defendants further aver that the term "a complete, accurate and adequate
accounting," as used by Plaintiff, is vague and  ambiguous, such that Defendants are unable to
formulate a response thereto, *see, e.g.*,  Bogert & Bogert, Trusts and Trustees §§ 965-968 (rev.
2d ed. 1982).  Notwithstanding such ambiguity, Defendants deny that the Secretary of the

Treasury has any obligation to provide an accounting to Plaintiff.  Defendants aver that Interior

has furnished and continues to furnish Plaintiff with financial and accounting data and

documentation, including, (a) from at least 1980 to 1995, reports entitled "Summary and Detail

of Trust Fund Statements;" (b) a report in 1996 entitled "Tribal Trust Funds Reconciliation

Project, Agreed-Upon Procedures and Findings Report for the Salt River Pima - Maricopa Indian

Community" for Fiscal Years 1973-1992 ("Agreed-Upon Procedures and Findings Report"),

which set forth the results of Interior's project to reconcile tribal trust accounts for Fiscal Years

1973-1992; and (c) from about 1995 to the present, periodic statements of accounts or

performance for Plaintiff's trust fund monies received by Defendant.  Further, Defendants aver

that the United States has also furnished Plaintiff with trust account information as part of a

judgment or settlement, in satisfaction of Plaintiff's accounting claims in cases including, but not

limited to, the proceedings in Salt River Pima - Maricopa Indian Community v. United States,

Docket No. 291 of the Indian Claims Commission, including Salt River Pima - Maricopa Indian

Community, 35 Ind. Cl. Comm. 225 (1974), Id., 36 Ind. Cl. Comm. 274 (1974), and Salt River

Pima - Maricopa Indian Community v. United States, 231 Ct. Cl. 1057 (1982).  Further,

Defendants aver that additional information regarding Plaintiff's trust assets has historically

been, and is, available to it upon request.

        37.  The allegations of Paragraph 37 consist of Plaintiff's characterizations and

conclusions of law and of the relief it requests in this action to which no response is required.

Defendants further aver that the term "accounting," as used by Plaintiff, is vague and

ambiguous, such that Defendants are unable to formulate a response thereto, *see, e.g.*,  Bogert &

Bogert, Trusts and Trustees §§ 965-968 (rev. 2d ed. 1982).  Notwithstanding such ambiguity,

Defendants deny that the Secretary of the Treasury has any obligation to provide an accounting

to Plaintiff.  Defendants aver that Interior has furnished and continues to furnish Plaintiff with

financial and accounting data and documentation, including, (a) from at least 1980 to 1995,

reports entitled "Summary and Detail of Trust Fund Statements;" (b) a report in 1996 entitled

"Tribal Trust Funds Reconciliation Project, Agreed-Upon Procedures and Findings Report for

the Salt River Pima - Maricopa Indian Community" for Fiscal Years 1973-1992 ("Agreed-Upon

Procedures and Findings Report"), which set forth the results of Interior's project to reconcile

tribal trust accounts for Fiscal Years 1973-1992; and (c) from about 1995 to the present, periodic

statements of accounts or performance for Plaintiff's trust fund monies received by Defendants.

Further, Defendants aver that the United States has furnished Plaintiff with trust account

information as part of a judgment or settlement, in satisfaction of Plaintiff's accounting claims in

cases including, but not limited to, the proceedings in <u>Salt River Pima - Maricopa Indian</u>

<u>Community v. United States</u>, Docket No. 291 of the Indian Claims Commission, including <u>Salt</u>

<u>River Pima - Maricopa Indian Community</u>, 35 Ind. Cl. Comm. 225 (1974), <u>Id.</u>, 36 Ind. Cl.

Comm. 274 (1974), and <u>Salt River Pima - Maricopa Indian Community v. United States</u>, 231 Ct.

Cl. 1057 (1982).  Further, Defendants aver that additional information regarding Plaintiff's trust

assets has historically been, and is, available to it upon request.

    38.  The allegations of Paragraph 38 consist of Plaintiff's characterizations and

conclusions of law and of the relief it requests in this action to which no response is required.

Defendants further aver that the term "accounting," as used by Plaintiff, is vague and

ambiguous, such that Defendants are unable to formulate a response thereto, *see, e.g.*,  Bogert &

Bogert, Trusts and Trustees §§ 965-968 (rev. 2d ed. 1982).  Notwithstanding such ambiguity,

Defendants deny that the Secretary of the Treasury has any obligation to provide an accounting to Plaintiff.  Defendants aver that Interior has furnished and continues to furnish Plaintiff with financial and accounting data and documentation, including, (a) from at least 1980 to 1995, reports entitled "Summary and Detail of Trust Fund Statements;" (b) a report in 1996 entitled "Tribal Trust Funds Reconciliation Project, Agreed-Upon Procedures and Findings Report for the Salt River Pima - Maricopa Indian Community" for Fiscal Years 1973-1992 ("Agreed-Upon Procedures and Findings Report"), which set forth the results of Interior's project to reconcile tribal trust accounts for Fiscal Years 1973-1992; and (c) from about 1995 to the present, periodic statements of accounts or performance for Plaintiff's trust fund monies received by Defendants. Further, Defendants aver that the United States has furnished Plaintiff with trust account information as part of a judgment or settlement, in satisfaction of Plaintiff's accounting claims in cases including, but not limited to, the proceedings in <u>Salt River Pima - Maricopa Indian Community v. United States</u>, Docket No. 291 of the Indian Claims Commission, including <u>Salt River Pima - Maricopa Indian Community</u>, 35 Ind. Cl. Comm. 225 (1974), <u>Id.</u>, 36 Ind. Cl. Comm. 274 (1974), and <u>Salt River Pima - Maricopa Indian Community v. United States</u>, 231 Ct. Cl. 1057 (1982).  Further, Defendants aver that additional information regarding Plaintiff's trust assets has historically been, and is, available to it upon request.

39.  The allegations of Paragraph 39 consist of Plaintiff's characterizations and conclusions of law and of the relief it requests in this action to which no response is required.

## COUNT TWO

40. Defendants incorporate by reference herein their responses to the allegations in Paragraphs 1-39 of the Complaint.

41.  The allegations of Paragraph 41 consist of Plaintiff's characterizations and conclusions of law and of the relief it requests in this action to which no response is required.

42.  The allegations of Paragraph 42 consist of Plaintiff's characterizations and conclusions of law and of the relief it requests in this action to which no response is required.

43.  The allegations of Paragraph 43 consist of Plaintiff's characterizations and conclusions of law and of the relief it requests in this action to which no response is required.

44.  The allegations of Paragraph 44 consist of Plaintiff's characterizations and conclusions of law and of the relief it requests in this action to which no response is required.

The remainder of the Complaint is Plaintiff's Prayer for Relief, to which no response is required.

## AFFIRMATIVE DEFENSES

1.  Plaintiff asserts claims that are barred, in whole or in part, by the Statute of Limitations, 28 U.S.C. § 2401.

2.  To the extent that Plaintiff  asserts claims that existed on or before August 12, 1946, those claims are barred by the Indian Claims Commission Act of August 13, 1946, 60 Stat. 1049, as amended (formerly 25 U.S.C. §§ 70 et seq.).

3.  Plaintiff asserts claims that are barred, in whole or in part, by the doctrines of laches, equitable estoppel, waiver and consent, and other equitable defenses.

4.  To the extent that Plaintiff asserts claims that it or its privies asserted or could have asserted in a prior adjudication in which a court of competent jurisdiction entered a final judgment, including, but not limited to, the proceedings in Salt River Pima - Maricopa Indian Community v. United States, Docket No. 291 of the Indian Claims Commission, including Salt

River Pima - Maricopa Indian Community, 35 Ind. Cl. Comm. 225 (1974), Id., 36 Ind. Cl.

Comm. 274 (1974), and Salt River Pima - Maricopa Indian Community v. United States, 231 Ct.

Cl. 1057 (1982), those claims are barred in whole or in part by the doctrines of *res judicata*

and/or *collateral estoppel*.

 5.  Plaintiff asserts certain claims over which this Court lacks jurisdiction.

 6.  Plaintiff fails to state a claim upon which relief can be granted.


Respectfully submitted this 13th day of March, 2007.

       MATTHEW J. MCKEOWN
       Acting Assistant Attorney General

       /s/ John H. Martin
       JOHN H. MARTIN
       United States Department of Justice
       Environment and Natural Resources Division
       Natural Resources Section
       1961 Stout Street, Eighth Floor
       Denver, CO 80294
       john.h.martin@usdoj.gov
       TEL: (303) 844-1383
       FAX: (303) 844-1350

       Kevin J. Larsen
       United States Department of Justice
       Environment and Natural Resources Division
       Natural Resources Section
       P.O. Box 663
       Washington, D.C.  20044-0663
       Tel: (202) 305-0258
       Tel: (202 305-0241
       Fax: (202) 353-2021

       Kenneth Dalton
       Office of the Solicitor
       United States Department of the Interior
       Washington, D.C. 20240

Teresa E. Dawson
Office of Chief Counsel
Financial Management Service
United States Department of the Treasury
Washington, D.C. 20227

Attorneys for Defendants

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 13, 2007, I served the foregoing Answer by causing a full, true and correct copy thereof to be sent to the following persons by Electronic Service pursuant to Local Civil Rule 5.4(d)

Keith Harper, Lead Attorney for Plaintiff

Dated this 13th day of March, 2007.

<u>/s/ John H. Martin</u>
John H. Martin
United States Department of Justice
Environment and Natural Resources Division
Natural Resources Section
1961 Stout Street, Eighth Floor
Denver, CO 80294
(303) 844-1383 (tel)
(303) 844-1350 (fax)
john.h.martin@usdoj.gov
Attorney for Federal Defendants