IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

| | | |
|---|---|---|
| | ) | |
| Chippewa Cree Tribe of the Rocky Boy's Reservation v. Norton, et al., | ) ) | Civil Action No. 02-0276 (JR) |
| | ) | |
| Crow Creek Sioux Tribe v. Kempthorne, et al., | ) ) | Civil Action No. 04-0900 (JR) |
| | ) | |
| Omaha Tribe of Nebraska v. Kempthorne, et al., | ) ) | Civil Action No. 04-0901 (JR) |
| | ) | |
| Oglala Sioux Tribe v. Kempthorne, et al., | ) | Civil Action No. 04-1126 (JR) |
| | ) | |
| Wyandot Nation of Kansas v. Kempthorne, et al., | ) ) | Civil Action No. 05-2491 (JR) |
| | ) | |
| Rosebud Sioux Tribe v. Kempthorne, et al., | ) | Civil Action No. 05-2492 (JR) |
| | ) | |
| Winnebago Tribe of Nebraska v. Kempthorne, et al., | ) ) | Civil Action No. 05-2493 (JR) |
| | ) | |
| Lower Brule Sioux Tribe v. Kempthorne, et al., | ) ) | Civil Action No. 05-2495 (JR) |
| | ) | |
| Prairie Band of Potawatomi Nation v. Kempthorne, et al., | ) ) | Civil Action No. 05-2496 (JR) |
| | ) | |
| Cheyenne River Sioux Tribe v. Kempthorne, et al., | ) ) | Civil Action No. 06-1897 (JR) |
| | ) | |
| Stillaguamish Tribe of Indians v. Kempthorne, et al., | ) ) | Civil Action No. 06-1898 (JR) |
| | ) | |
| Iowa Tribe of Kansas and Nebraska v. Kempthorne, et al., | ) ) | Civil Action No. 06-1899 (JR) |
| | ) | |
| Confederated Tribes of the Goshute Reservation v. Kempthorne, et al., | ) ) | Civil Action No. 06-1902 (JR) |
| | ) | |
| Muskogee (Creek) Nation of Oklahoma v. Kempthorne, et al., | ) ) | Civil Action No. 06-2161 (JR) |
| | ) | |
| Eastern Shawnee Tribe of Oklahoma v. Kempthorne, et al., | ) ) | Civil Action No. 06-2162 (JR) |

|  |  |  |
|---|---|---|
| | ) | |
| Northwestern Band of Shoshone | ) | Civil Action No. 06-2163 (JR) |
| v. Kempthorne, et al., | ) | |
| | ) | |
| Red Cliff Band of Lake Superior Indians | ) | Civil Action No. 06-2164 (JR) |
| Indians v. Kempthorne, et al., | ) | |
| | ) | |
| Tohono O'Odham Nation | ) | Civil Action No. 06-2236 (JR) |
| v. Kempthorne, et al., | ) | |
| | ) | |
| Nez Perce Tribe, et al., | ) | Civil Action No. 06-2239 (JR) |
| v. Kempthorne, et al., | ) | |
| | ) | |
| Passamaquoddy Tribe of Maine | ) | Civil Action No. 06-2240 (JR) |
| v. Kempthorne, et al., | ) | |
| | ) | |
| Salt River Pima-Maricopa Indian | ) | Civil Action No. 06-2241 (JR) |
| Community v. Kempthorne, et al., | ) | |
| | ) | |
| Ak-Chin Indian Community | ) | Civil Action No. 06-2245 (JR) |
| v. Kempthorne, et al., | ) | |
| | ) | |
| _____ | ) | |

### DEFENDANTS' FIRST MOTION FOR SIXTY-DAY ENLARGEMENT OF TIME WITHIN WHICH TO RESPOND TO PLAINTIFFS' MOTION FOR ENTRY OF TRUST RECORD PRESERVATION ORDER, AND [PROPOSED] ORDER

Pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 6 and Local Civil Rule ("LCvR") 7, Defendants respectfully request that the Court grant this motion for enlargement of time, to and including July 14, 2008, within which to file their response to Plaintiffs' Motion for Entry of Trust Record Preservation Order in the above-captioned cases.[1]

This enlargement motion is Defendants' first such motion. The grounds for the motion are as follows:

_____

[1]Pursuant to Local Rule 7(m), Defendants telephoned and emailed opposing counsel of record in the above-captioned cases; Plaintiffs' counsel oppose this motion.

2

1.  On April 29, 2008 Plaintiffs in four cases filed a Motion for Entry of Trust Record

Preservation Order.  See The Ak-Chin Indian Community v. Kempthorne, et al., ("Ak-Chin"),

Civil Action No. 06-cv-02245-JR, Docket ("Dkt.") No. 37; The Passamaquoddy Tribe of Maine

v. Kempthorne, et al., ("Passamaquoddy") Civil Action No. 06-cv-02240-JR, Dkt. 31; The Salt

River Pima-Maricopa Indian Community v. Kempthorne, et al., ("Salt River") Civil Action No.

06-cv-02241-JR, Dkt. 31; The Tohono O'odham Nation v. Kempthorne, et al., ("Tohono") Civil

Action No. 06-cv-02236, Dkt. 31.[2]  The Ak-Chin Indian Community, the Salt River Pima-

Maricopa Indian Community, and the Tohono O'odham Nation are each represented by the same

counsel, and the April 29, 2008 filings in each of those four cases are virtually identical.

Plaintiffs' motions were accompanied by a memorandum of points and authorities and thirty-

---

[2]  The following tribes have joined in the motions: Cheyenne River Sioux Tribe, Case No.
06-cv-1897-JR; Chippewa Cree of the Rocky Boy, Case No. 02-cv-0276-JR; Confederated
Tribes of Goshute Reservation, Case No. 06-cv-1902-JR; Crow Creek Sioux Tribe, Case No.
04-cv-0900-JR; Eastern Shawnee Tribe of Oklahoma, Case No. 06-cv-2162-JR; Iowa Tribe of
Kansas and Nebraska, Case No. 06-cv-1899-JR; Lower Brule Sioux Tribe, Case No.
05-cv-2495-JR; Muscogee (Creek) Nation of Oklahoma, Case No. 06-cv-2161-JR; Nez Perce
Tribe, Mescalero Apache Tribe, Tule River Indian Tribe, Hualapai Tribe, Yakama Nation,
Klamath Tribes, Yurok Tribe, Cheyenne-Arapaho Tribe, Pawnee Nation of Oklahoma, Sac and
Fox Nation, Tlingit & Haida Indian Tribes of Alaska, and the Santee Sioux Tribe of Nebraska,
Case No. 06-cv-2239-JR; Northwestern Band of Shoshone, Case No. 06-cv-2163-JR; Oglala
Sioux Tribe, Case No. 04-cv-1126-JR; Omaha Tribe of Nebraska, Case No. 04-cv-0901-JR;
Prairie Band of Potawatomi Nation, Case No. 05-cv-2496-JR; Red Cliff Band of Lake Superior
Chippewa, Case No. 06-cv-2164-JR; Rosebud Sioux Tribe, Case No. 05-cv-2492-JR;
Stillaguamish Tribe of Indians, Case No. 06-cv-1898-JR; Winnebago Tribe of Nebraska , Case
No. 05-cv-2493-JR; Wyandot Tribe of Kansas, Case No. 05-cv-2491-JR; Yankton Sioux Tribe,
Case No. 03-cv-1603-JR.  See Ak-Chin Memorandum of Points and Authorities in Support of
Plaintiff's Motion for Entry of Trust Record Preservation Order ("Memorandum of Points and
Authorities"), Dkt. 38 at 3; Passamaquoddy Memorandum of Points and Authorities, Dkt. 32 at
3; Salt River Memorandum of Points and Authorities, Dkt. 38 at 3; Tohono Memorandum of
Points and Authorities, Dkt. 38 at 3. At the time of this filing, the Yankton Sioux Tribe has not
yet filed a motion to join the motions for entry of a trust record preservation order, but it is
included in the tribes listed on page 3 of Plaintiffs' Memorandum of Points and Authorities.  Id.

eight exhibits, which total 978 pages.

2.  By Defendants' calculation, Defendants' responses to the Ak-Chin, Passamaquoddy, Salt River, and Tohono motions are due on May 15, 2008, pursuant to Fed. R. Civ. P. 5(b)(2)(E) and LCvR 7(b).

3.  On May 1, 2008 Plaintiffs in Nez Perce Tribe, et al. v. Kempthorne, et al., Civil Action No. 06-2239 (JR) ("Nez Perce") filed a motion for an order deeming motions for trust records preservation orders filed in Ak-Chin, Passamaquoddy, Salt River, and Tohono to be filed in the Nez Perce case and joining in those motions.  Nez Perce Dkt. 46.  This Court orally granted that motion at a status conference regarding Nez Perce on May 6, 2008 and by minute order on May 7, 2008.  By Defendants' calculation, Defendants' response to the Nez Perce plaintiffs' motion is due on May 21, 2008, pursuant to Fed. R. Civ. P. 5(b)(2)(E) and LCvR 7(b).

4.  On May 2, 2008 Plaintiffs in sixteen other cases[3] each filed a motion for relief from the temporary stay of litigation in those cases, as well as a motion to join in the motions for trust

_____

[3]  Those sixteen cases are as follows: Cheyenne River Sioux Tribe v. Kempthorne, et al., Civil Action No. 06-1897 (JR); Crow Creek Sioux Tribe v. Kempthorne, et al.,Civil Action No. 04-0900 (JR); Confederated Tribes of the Goshute Reservation v. Kempthorne, et al., Civil Action No. 06-1902 (JR); Eastern Shawnee Tribe of Oklahoma v. Kempthorne, et al., Civil Action No. 06-2162 (JR); Iowa Tribe of Kansas and Nebraska v. Kempthorne, et al.,Civil Action No. 06-1899 (JR); Lower Brule Sioux Tribe v. Kempthorne, et al., Civil Action No. 05-2495 (JR); Muskogee (Creek) Nation of Oklahoma v. Kempthorne, et al., Civil Action No. 06-2161 (JR); Northwestern Band of Shoshone v. Kempthorne, et al., Civil Action No. 06-2163 (JR); Omaha Tribe of Nebraska v. Kempthorne, et al., Civil Action No. 04-0901 (JR); Oglala Sioux Tribe v. Kempthorne, et al., Civil Action No. 04-1126 (JR); Prairie Band of Potawatomi Nation v. Kempthorne, et al., Civil Action No. 05-2496 (JR); Red Cliff Band of Lake Superior Indians Indians v. Kempthorne, et al., Civil Action No. 06-2164 (JR); Rosebud Sioux Tribe v. Kempthorne, et al., Civil Action No. 05-2492 (JR); Stillaguamish Tribe of Indians v. Kempthorne, et al., Civil Action No. 06-1898 (JR); Winnebago Tribe of Nebraska v. Kempthorne, et al., Civil Action No. 05-2493 (JR); Wyandot Nation of Kansas v. Kempthorne, et al., Civil Action No. 05-2491 (JR).  Defendants refer to these cases as the "Leinbach cases."

record preservation orders filed in <u>Ak-Chin</u>, <u>Passamaquoddy</u>, <u>Salt River</u>, and <u>Tohono</u>.  Each of those sixteen Plaintiffs is represented by common counsel.  <u>See, e.g.</u>, <u>Cheyenne River Sioux Tribe v. Kempthorne, et al.</u>, Case No. 06-cv-1897-JR, Dkt. 37 at 3. The filings in each of those sixteen cases are virtually identical.  On May 5, 2008 and May 6, 2008, this Court granted those motions by electronic minute order.  <u>See, e.g.</u>, <u>Cheyenne River Sioux</u>; <u>Winnebago</u>.  By Defendants' calculation, Defendants' responses to those sixteen Plaintiffs' motions are due on May 20 and 21, 2008, pursuant to Fed. R. Civ. P. 5(b)(2)(E) and LCvR 7(b).

5.  On May 6, 2008 this Court issued an order in all thirty-seven tribal trust cases that requires the government to file its motion to dismiss in <u>Nez Perce</u> by June 5, 2008, with briefing to be completed by July 10, 2008, and invited the government to file its motion to dismiss in all the tribal cases that present the same or similar jurisdictional issues.  <u>See, e.g.</u>, <u>Ak-Chin</u>, Dkt. 41 at 4.  Additionally, the same government counsel will be responding to the class certification motion in the <u>Nez Perce</u> case.  Along with the deadlines set by this Court, counsel of record in the cases in which the trust record preservation motions are pending also have court-ordered deadlines in the companion tribal trust cases filed in the Court of Federal Claims, including joint status reports due in the sixteen Leinbach cases in July, as well as various discovery obligations and motions deadlines, including briefing this summer on the issue of whether 28 U.S.C. § 1500 operates to require dismissal of <u>Nez Perce v. United States</u>, Case No. 06-00910-CFL (Ct. Fed. Claims).

6.  Plaintiffs' motions contain a number of factual assertions generally about the storage, handling, and  management of trust records by Defendants.  Defendants require time to prepare factual responses to these allegations and to coordinate evidence, including affidavits, to accurately characterize the current state of trust record management and handling at relevant

facilities.  In preparing to make the factual showing necessary to respond to these motions, the

Department of the Interior informs us it must make inquiries of each of its several offices and

bureaus, all of which have distinctly different missions, organizational structures, and histories,

in order to determine the nature and extent of the materials each holds, as to each of the

thirty-four tribes at issue.  The Bureau of Indian Affairs ("BIA"), for example, is organized into

twelve regions across the continental United States and Alaska. Within each BIA region (each

with its own regional office) there are several agency or field offices, each of which may serve

one or more tribes.  Given the varying organizational structures and lines of authority, Interior

informs us that its offices and bureaus must submit multiple declarations in order to attest

competently to the condition of all of that office's or bureau's materials for a specific tribe.[4]

      7.  In addition to the active records that may be held at BIA regional and agency or field

offices, inactive records for the most part now reside at the American Indian Records Repository

("AIRR") in Lenexa, Kansas, although some inactive records also may still reside at various

federal records centers throughout the country.[5]  Those federal records centers are managed by

---

[4] Interior has identified eleven BIA Regional Offices as servicing these thirty-four tribes
including the following: Alaska Region, Eastern Region, Eastern Oklahoma Region, Great Plains
Region, Midwest Region, Northwest Region, Pacific Region, Rocky Mountain Region, Southern
Plains Region, Southwest Region, and the Western Region, and twenty-six BIA agency and field
offices including the following: Central California Agency, Cheyenne River Agency, Concho
Agency, Crow Creek Agency, Eastern Nevada Agency, Great Lakes Agency, Fort Hall Agency,
Horton Agency, Lower Brule Agency, Mescalero Agency, Miami Agency, Northern Idaho
Agency, Northern California Agency, Okmulgee Agency, Papago Agency, Pawnee Agency,
Pima Agency, Pine Ridge Agency, Puget Sound Agency, Rocky Boy's Field Office, Rosebud
Agency, Salt River Agency, Truxton Canon Agency, Winnebago Agency, Yankton Agency,
Yakima Agency.

[5] As this Court has observed, Defendants have worked to address previous problems related to
the organization and storage of records, including the centralization of fourty-three miles of
Indian records at the AIRR in Lenexa, Kansas.  See Cobell v. Kempthorne XX, 532 F. Supp. 2d
37, 45-46 (D.D.C. 2008).  This Court has also noted that the AIRR is a state of the art,

the National Archives and Records Administration, and BIA thus must coordinate its efforts as

to those locations with NARA.  BIA also maintains Land Title Records Offices ("LTRO"),

which are generally but not always located in the same city as the BIA regional office that serves

a given tribe.  For example, while the Ak-Chin Indian Community is served by the Pima Agency

and the Western Regional Office, both in Arizona, it also is served by the LTRO in Albuquerque,

New Mexico, the city where the BIA's Southwest Regional Office is located.  Interior informs us

that each of these locations must be canvassed in order to determine which possess materials

arguably within the scope of each of these records retention motions, and a determination then

made as to the status of those materials, in order to prepare the evidentiary showing that all

materials held by BIA that relate to a specific tribe are, in fact, being appropriately safeguarded

such that no record retention order is justified, under that tribe's specific factual circumstances.

    8.  Apart from Bureau of Indian Affairs agencies and offices, granting of the Plaintiffs'

proposed order could be read as applying to tribal documents, policies and practices at other

Interior Department offices, including but not limited to the U.S. Fish and Wildlife Service, the

Bureau of Reclamation, the Bureau of Land Management, the Minerals Management Service, the

United States Geological Survey, and the Office of the Special Trustee for American Indians.  In

addition, any record preservation order may affect other federal entities including the U.S.

Department of Agriculture, the Environmental Protection Agency, the U.S. Department of

Energy, the Federal Highway Administration, the U.S. Army Corps of Engineers, the U.S.

Department of Homeland Security, and the U.S. Department of Housing and Urban

Development.  Counsel for Defendants have been and continue to be working diligently to draft

climate-controlled, organized, and sizable facility suitable to the storage and research obligations
of the Interior Department.  Id. at 45, 55.

a response and to confer with the relevant personnel of the United States Departments of the Interior and the Treasury, the National Archives and Records Administration, and other potentially affected federal entities.

9.  The granting of this motion will not cause any undue prejudice or harm to the rights and interests of the plaintiffs herein.  In their opening papers, Plaintiffs have not provided any specific examples of damage or destruction of trust records located at the facilities which service the thirty-four movant tribes in these cases.  Indeed, as this Court noted at the <u>Nez Perce</u> status conference on May 6, 2008, all parties to this litigation are on notice that all relevant records must be preserved, and the Interior Department continues in its process of moving its inactive records to the American Indian Records Repository.  Further, as Plaintiffs acknowledge in their motions, Defendants currently have a number of trust record preservation mechanisms in place and there are currently record retention orders in place in other tribal trust cases before the Court of Federal Claims that govern the behavior of the United States, including the named Defendants in this action.  <u>See</u> <u>Ak-Chin</u> Memorandum of Points and Authorities, Dkt. 38-1 at 5, Exhs. 2-7, Dkt. Nos. 38-2 through 38-8; <u>Passamaquoddy</u> Memorandum of Points and Authorities, Dkt. 32-1 at 5, Exhs. 2-7, Dkt. Nos. 32-2 through 32-8; <u>Salt River</u> Memorandum of Points and Authorities, Dkt. 32-1 at 5, Exhs. 2-7, Dkt. Nos. 32-2 through 32-8; <u>Tohono</u> Memorandum of Points and Authorities, Dkt. 32-1 at 5, Exhs. 2-7, Dkt. Nos. 32-2 through 32-8.

10.  The granting of this motion for extension of time will promote judicial efficiency and serve the public interest by enabling Defendants to submit well-researched and thoroughly analyzed response papers, and accompanying affidavits.  At the same time, however, the denial of the motion will cause prejudice and harm to Defendants' position, in that Defendants will not have sufficient time to complete their preparation of the response papers and undertake a full and

thorough review of them with the client agencies before filing.  Denial of this motion and its consequent impact on Defendants and their counsel's resources also could adversely affect the ability of counsel to adequately brief the significant class certification and jurisdictional motions that must soon be filed in these cases.

       WHEREFORE, Defendants respectfully request that their motion for sixty-day extension of time be GRANTED and that the Court allow Defendants until July 14, 2008 to file their response papers in the above-captioned cases.

       Respectfully submitted this 9th day of May, 2008,

               RONALD J. TENPAS
               Assistant Attorney General

               *s/ John H. Martin*
               JOHN H. MARTIN
               U.S. Department of Justice
               Environment and Natural Resources Division
               Natural Resources Section
               P.O. Box 663
               Washington, D.C.  20044-0663
               Tel: (303) 844-1383
               Fax: (202) 353-2021

               Attorney for Defendants

               OF COUNSEL:

               PAUL SMYTH
               ELISABETH BRANDON
               THOMAS BARTMAN
               Office of the Solicitor
               United States Department of the Interior
               Washington, D.C.  20240

               TERESA DAWSON
               Office of the Chief Counsel
               Financial Management Service
               United States Department of the Treasury
               Washington, D.C.  20227

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

| | | |
|---|---|---|
| | ) | |
| Chippewa Cree Tribe of the Rocky Boy's | ) | Civil Action No. 02-0276 (JR) |
| Reservation v. Norton, et al., | ) | |
| | ) | |
| Crow Creek Sioux Tribe | ) | Civil Action No. 04-0900 (JR) |
| v. Kempthorne, et al., | ) | |
| | ) | |
| Omaha Tribe of Nebraska | ) | Civil Action No. 04-0901 (JR) |
| v. Kempthorne, et al., | ) | |
| | ) | |
| Oglala Sioux Tribe v. Kempthorne, et al., | ) | Civil Action No. 04-1126 (JR) |
| | ) | |
| Wyandot Nation of Kansas | ) | Civil Action No. 05-2491 (JR) |
| v. Kempthorne, et al., | ) | |
| | ) | |
| Rosebud Sioux Tribe v. Kempthorne, et al., | ) | Civil Action No. 05-2492 (JR) |
| | ) | |
| Winnebago Tribe of Nebraska | ) | Civil Action No. 05-2493 (JR) |
| v. Kempthorne, et al., | ) | |
| | ) | |
| Lower Brule Sioux Tribe | ) | Civil Action No. 05-2495 (JR) |
| v. Kempthorne, et al., | ) | |
| | ) | |
| Prairie Band of Potawatomi Nation | ) | Civil Action No. 05-2496 (JR) |
| v. Kempthorne, et al., | ) | |
| | ) | |
| Cheyenne River Sioux Tribe | ) | Civil Action No. 06-1897 (JR) |
| v. Kempthorne, et al., | ) | |
| | ) | |
| Stillaguamish Tribe of Indians | ) | Civil Action No. 06-1898 (JR) |
| v. Kempthorne, et al., | ) | |
| | ) | |
| Iowa Tribe of Kansas and Nebraska | ) | Civil Action No. 06-1899 (JR) |
| v. Kempthorne, et al., | ) | |
| | ) | |
| Confederated Tribes of the Goshute | ) | Civil Action No. 06-1902 (JR) |
| Reservation v. Kempthorne, et al., | ) | |
| | ) | |
| Muskogee (Creek) Nation of Oklahoma | ) | Civil Action No. 06-2161 (JR) |
| v. Kempthorne, et al., | ) | |
| | ) | |
| Eastern Shawnee Tribe of Oklahoma | ) | Civil Action No. 06-2162 (JR) |
| v. Kempthorne, et al., | ) | |

| | | |
|---|---|---|
| | ) | |
| Northwestern Band of Shoshone<br>v. Kempthorne, et al., | )<br>)<br>) | Civil Action No. 06-2163 (JR) |
| Red Cliff Band of Lake Superior Indians<br>Indians v. Kempthorne, et al., | )<br>)<br>) | Civil Action No. 06-2164 (JR) |
| Tohono O'Odham Nation<br>v. Kempthorne, et al., | )<br>)<br>) | Civil Action No. 06-2236 (JR) |
| Nez Perce Tribe, et al.,<br>v. Kempthorne, et al., | )<br>)<br>) | Civil Action No. 06-2239 (JR) |
| Passamaquoddy Tribe of Maine<br>v. Kempthorne, et al., | )<br>)<br>) | Civil Action No. 06-2240 (JR) |
| Salt River Pima-Maricopa Indian<br>Community v. Kempthorne, et al., | )<br>)<br>) | Civil Action No. 06-2241 (JR) |
| Ak-Chin Indian Community<br>v. Kempthorne, et al., | )<br>)<br>) | Civil Action No. 06-2245 (JR) |
| _____ | ) | |

### DEFENDANTS' FIRST MOTION FOR SIXTY-DAY ENLARGEMENT OF TIME WITHIN WHICH TO RESPOND TO PLAINTIFFS' MOTION FOR ENTRY OF TRUST RECORD PRESERVATION ORDER, AND [PROPOSED] ORDER

Pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 6 and Local Civil Rule ("LCvR") 7, Defendants respectfully request that the Court grant this motion for enlargement of time, to and including July 14, 2008, within which to file their response to Plaintiffs' Motion for Entry of Trust Record Preservation Order in the above-captioned cases.[1/]

This enlargement motion is Defendants' first such motion. The grounds for the motion are as follows:

---

[1/]Pursuant to Local Rule 7(m), Defendants telephoned and emailed opposing counsel of record in the above-captioned cases; Plaintiffs' counsel oppose this motion.

2

1.  On April 29, 2008 Plaintiffs in four cases filed a Motion for Entry of Trust Record

Preservation Order.  See The Ak-Chin Indian Community v. Kempthorne, et al., ("Ak-Chin"),

Civil Action No. 06-cv-02245-JR, Docket ("Dkt.") No. 37; The Passamaquoddy Tribe of Maine

v. Kempthorne, et al., ("Passamaquoddy") Civil Action No. 06-cv-02240-JR, Dkt. 31; The Salt

River Pima-Maricopa Indian Community v. Kempthorne, et al., ("Salt River") Civil Action No.

06-cv-02241-JR, Dkt. 31; The Tohono O'odham Nation v. Kempthorne, et al., ("Tohono") Civil

Action No. 06-cv-02236, Dkt. 31.[2]  The Ak-Chin Indian Community, the Salt River Pima-

Maricopa Indian Community, and the Tohono O'odham Nation are each represented by the same

counsel, and the April 29, 2008 filings in each of those four cases are virtually identical.

Plaintiffs' motions were accompanied by a memorandum of points and authorities and thirty-

---

[2]  The following tribes have joined in the motions: Cheyenne River Sioux Tribe, Case No.
06-cv-1897-JR; Chippewa Cree of the Rocky Boy, Case No. 02-cv-0276-JR; Confederated
Tribes of Goshute Reservation, Case No. 06-cv-1902-JR; Crow Creek Sioux Tribe, Case No.
04-cv-0900-JR; Eastern Shawnee Tribe of Oklahoma, Case No. 06-cv-2162-JR; Iowa Tribe of
Kansas and Nebraska, Case No. 06-cv-1899-JR; Lower Brule Sioux Tribe, Case No.
05-cv-2495-JR; Muscogee (Creek) Nation of Oklahoma, Case No. 06-cv-2161-JR; Nez Perce
Tribe, Mescalero Apache Tribe, Tule River Indian Tribe, Hualapai Tribe, Yakama Nation,
Klamath Tribes, Yurok Tribe, Cheyenne-Arapaho Tribe, Pawnee Nation of Oklahoma, Sac and
Fox Nation, Tlingit & Haida Indian Tribes of Alaska, and the Santee Sioux Tribe of Nebraska,
Case No. 06-cv-2239-JR; Northwestern Band of Shoshone, Case No. 06-cv-2163-JR; Oglala
Sioux Tribe, Case No. 04-cv-1126-JR; Omaha Tribe of Nebraska, Case No. 04-cv-0901-JR;
Prairie Band of Potawatomi Nation, Case No. 05-cv-2496-JR; Red Cliff Band of Lake Superior
Chippewa, Case No. 06-cv-2164-JR; Rosebud Sioux Tribe, Case No. 05-cv-2492-JR;
Stillaguamish Tribe of Indians, Case No. 06-cv-1898-JR; Winnebago Tribe of Nebraska , Case
No. 05-cv-2493-JR; Wyandot Tribe of Kansas, Case No. 05-cv-2491-JR; Yankton Sioux Tribe,
Case No. 03-cv-1603-JR.  See Ak-Chin Memorandum of Points and Authorities in Support of
Plaintiff's Motion for Entry of Trust Record Preservation Order ("Memorandum of Points and
Authorities"), Dkt. 38 at 3; Passamaquoddy Memorandum of Points and Authorities, Dkt. 32 at
3; Salt River Memorandum of Points and Authorities, Dkt. 38 at 3; Tohono Memorandum of
Points and Authorities, Dkt. 38 at 3. At the time of this filing, the Yankton Sioux Tribe has not
yet filed a motion to join the motions for entry of a trust record preservation order, but it is
included in the tribes listed on page 3 of Plaintiffs' Memorandum of Points and Authorities.  Id.

eight exhibits, which total 978 pages.

2. By Defendants' calculation, Defendants' responses to the <u>Ak-Chin</u>, <u>Passamaquoddy</u>, <u>Salt River</u>, and <u>Tohono</u> motions are due on May 15, 2008, pursuant to Fed. R. Civ. P. 5(b)(2)(E) and LCvR 7(b).

3. On May 1, 2008 Plaintiffs in <u>Nez Perce Tribe, et al. v. Kempthorne, et al.</u>, Civil Action No. 06-2239 (JR) ("<u>Nez Perce</u>") filed a motion for an order deeming motions for trust records preservation orders filed in <u>Ak-Chin</u>, <u>Passamaquoddy</u>, <u>Salt River</u>, and <u>Tohono</u> to be filed in the <u>Nez Perce</u> case and joining in those motions. <u>Nez Perce</u> Dkt. 46. This Court orally granted that motion at a status conference regarding <u>Nez Perce</u> on May 6, 2008 and by minute order on May 7, 2008. By Defendants' calculation, Defendants' response to the <u>Nez Perce</u> plaintiffs' motion is due on May 21, 2008, pursuant to Fed. R. Civ. P. 5(b)(2)(E) and LCvR 7(b).

4. On May 2, 2008 Plaintiffs in sixteen other cases[3] each filed a motion for relief from the temporary stay of litigation in those cases, as well as a motion to join in the motions for trust

_____

[3] Those sixteen cases are as follows: <u>Cheyenne River Sioux Tribe v. Kempthorne, et al.</u>, Civil Action No. 06-1897 (JR); <u>Crow Creek Sioux Tribe v. Kempthorne, et al.</u>,Civil Action No. 04-0900 (JR); <u>Confederated Tribes of the Goshute Reservation v. Kempthorne, et al.</u>, Civil Action No. 06-1902 (JR); <u>Eastern Shawnee Tribe of Oklahoma v. Kempthorne, et al.</u>, Civil Action No. 06-2162 (JR); <u>Iowa Tribe of Kansas and Nebraska v. Kempthorne, et al.</u>,Civil Action No. 06-1899 (JR); <u>Lower Brule Sioux Tribe v. Kempthorne, et al.</u>, Civil Action No. 05-2495 (JR); <u>Muskogee (Creek) Nation of Oklahoma v. Kempthorne, et al.</u>, Civil Action No. 06-2161 (JR); <u>Northwestern Band of Shoshone v. Kempthorne, et al.</u>, Civil Action No. 06-2163 (JR); <u>Omaha Tribe of Nebraska v. Kempthorne, et al.</u>, Civil Action No. 04-0901 (JR); <u>Oglala Sioux Tribe v. Kempthorne, et al.</u>, Civil Action No. 04-1126 (JR); <u>Prairie Band of Potawatomi Nation v. Kempthorne, et al.</u>, Civil Action No. 05-2496 (JR); <u>Red Cliff Band of Lake Superior Indians Indians v. Kempthorne, et al.</u>, Civil Action No. 06-2164 (JR); <u>Rosebud Sioux Tribe v. Kempthorne, et al.</u>, Civil Action No. 05-2492 (JR); <u>Stillaguamish Tribe of Indians v. Kempthorne, et al.</u>, Civil Action No. 06-1898 (JR); <u>Winnebago Tribe of Nebraska v. Kempthorne, et al.</u>, Civil Action No. 05-2493 (JR); <u>Wyandot Nation of Kansas v. Kempthorne, et al.</u>, Civil Action No. 05-2491 (JR). Defendants refer to these cases as the "Leinbach cases."

record preservation orders filed in <u>Ak-Chin</u>, <u>Passamaquoddy</u>, <u>Salt River</u>, and <u>Tohono</u>.  Each of those sixteen Plaintiffs is represented by common counsel.  <u>See, e.g.</u>, <u>Cheyenne River Sioux Tribe v. Kempthorne, et al.</u>, Case No. 06-cv-1897-JR, Dkt. 37 at 3. The filings in each of those sixteen cases are virtually identical.  On May 5, 2008 and May 6, 2008, this Court granted those motions by electronic minute order.  <u>See, e.g.</u>, <u>Cheyenne River Sioux</u>; <u>Winnebago</u>.  By Defendants' calculation, Defendants' responses to those sixteen Plaintiffs' motions are due on May 20 and 21, 2008, pursuant to Fed. R. Civ. P. 5(b)(2)(E) and LCvR 7(b).

    5.  On May 6, 2008 this Court issued an order in all thirty-seven tribal trust cases that requires the government to file its motion to dismiss in <u>Nez Perce</u> by June 5, 2008, with briefing to be completed by July 10, 2008, and invited the government to file its motion to dismiss in all the tribal cases that present the same or similar jurisdictional issues.  <u>See, e.g.</u>, <u>Ak-Chin</u>, Dkt. 41 at 4.  Additionally, the same government counsel will be responding to the class certification motion in the <u>Nez Perce</u> case.  Along with the deadlines set by this Court, counsel of record in the cases in which the trust record preservation motions are pending also have court-ordered deadlines in the companion tribal trust cases filed in the Court of Federal Claims, including joint status reports due in the sixteen Leinbach cases in July, as well as various discovery obligations and motions deadlines, including briefing this summer on the issue of whether 28 U.S.C. § 1500 operates to require dismissal of <u>Nez Perce v. United States</u>, Case No. 06-00910-CFL (Ct. Fed. Claims).

    6.  Plaintiffs' motions contain a number of factual assertions generally about the storage, handling, and  management of trust records by Defendants.  Defendants require time to prepare factual responses to these allegations and to coordinate evidence, including affidavits, to accurately characterize the current state of trust record management and handling at relevant

facilities.  In preparing to make the factual showing necessary to respond to these motions, the

Department of the Interior informs us it must make inquiries of each of its several offices and

bureaus, all of which have distinctly different missions, organizational structures, and histories,

in order to determine the nature and extent of the materials each holds, as to each of the

thirty-four tribes at issue.  The Bureau of Indian Affairs ("BIA"), for example, is organized into

twelve regions across the continental United States and Alaska. Within each BIA region (each

with its own regional office) there are several agency or field offices, each of which may serve

one or more tribes.  Given the varying organizational structures and lines of authority, Interior

informs us that its offices and bureaus must submit multiple declarations in order to attest

competently to the condition of all of that office's or bureau's materials for a specific tribe.[4]

      7.  In addition to the active records that may be held at BIA regional and agency or field

offices, inactive records for the most part now reside at the American Indian Records Repository

("AIRR") in Lenexa, Kansas, although some inactive records also may still reside at various

federal records centers throughout the country.[5]  Those federal records centers are managed by

---

[4] Interior has identified eleven BIA Regional Offices as servicing these thirty-four tribes
including the following: Alaska Region, Eastern Region, Eastern Oklahoma Region, Great Plains
Region, Midwest Region, Northwest Region, Pacific Region, Rocky Mountain Region, Southern
Plains Region, Southwest Region, and the Western Region, and twenty-six BIA agency and field
offices including the following: Central California Agency, Cheyenne River Agency, Concho
Agency, Crow Creek Agency, Eastern Nevada Agency, Great Lakes Agency, Fort Hall Agency,
Horton Agency, Lower Brule Agency, Mescalero Agency, Miami Agency, Northern Idaho
Agency, Northern California Agency, Okmulgee Agency, Papago Agency, Pawnee Agency,
Pima Agency, Pine Ridge Agency, Puget Sound Agency, Rocky Boy's Field Office, Rosebud
Agency, Salt River Agency, Truxton Canon Agency, Winnebago Agency, Yankton Agency,
Yakima Agency.

[5] As this Court has observed, Defendants have worked to address previous problems related to
the organization and storage of records, including the centralization of fourty-three miles of
Indian records at the AIRR in Lenexa, Kansas.  See Cobell v. Kempthorne XX, 532 F. Supp. 2d
37, 45-46 (D.D.C. 2008).  This Court has also noted that the AIRR is a state of the art,

the National Archives and Records Administration, and BIA thus must coordinate its efforts as to those locations with NARA. BIA also maintains Land Title Records Offices ("LTRO"), which are generally but not always located in the same city as the BIA regional office that serves a given tribe. For example, while the Ak-Chin Indian Community is served by the Pima Agency and the Western Regional Office, both in Arizona, it also is served by the LTRO in Albuquerque, New Mexico, the city where the BIA's Southwest Regional Office is located. Interior informs us that each of these locations must be canvassed in order to determine which possess materials arguably within the scope of each of these records retention motions, and a determination then made as to the status of those materials, in order to prepare the evidentiary showing that all materials held by BIA that relate to a specific tribe are, in fact, being appropriately safeguarded such that no record retention order is justified, under that tribe's specific factual circumstances.

8. Apart from Bureau of Indian Affairs agencies and offices, granting of the Plaintiffs' proposed order could be read as applying to tribal documents, policies and practices at other Interior Department offices, including but not limited to the U.S. Fish and Wildlife Service, the Bureau of Reclamation, the Bureau of Land Management, the Minerals Management Service, the United States Geological Survey, and the Office of the Special Trustee for American Indians. In addition, any record preservation order may affect other federal entities including the U.S. Department of Agriculture, the Environmental Protection Agency, the U.S. Department of Energy, the Federal Highway Administration, the U.S. Army Corps of Engineers, the U.S. Department of Homeland Security, and the U.S. Department of Housing and Urban Development. Counsel for Defendants have been and continue to be working diligently to draft

---

climate-controlled, organized, and sizable facility suitable to the storage and research obligations of the Interior Department. Id. at 45, 55.

a response and to confer with the relevant personnel of the United States Departments of the

Interior and the Treasury, the National Archives and Records Administration, and other

potentially affected federal entities.

9.  The granting of this motion will not cause any undue prejudice or harm to the rights

and interests of the plaintiffs herein.  In their opening papers, Plaintiffs have not provided any

specific examples of damage or destruction of trust records located at the facilities which service

the thirty-four movant tribes in these cases.  Indeed, as this Court noted at the <u>Nez Perce</u> status

conference on May 6, 2008, all parties to this litigation are on notice that all relevant records

must be preserved, and the Interior Department continues in its process of moving its inactive

records to the American Indian Records Repository.  Further, as Plaintiffs acknowledge in their

motions, Defendants currently have a number of trust record preservation mechanisms in place

and there are currently record retention orders in place in other tribal trust cases before the Court

of Federal Claims that govern the behavior of the United States, including the named Defendants

in this action.  <u>See</u> <u>Ak-Chin</u> Memorandum of Points and Authorities, Dkt. 38-1 at 5, Exhs. 2-7,

Dkt. Nos. 38-2 through 38-8; <u>Passamaquoddy</u> Memorandum of Points and Authorities, Dkt. 32-1

at 5, Exhs. 2-7, Dkt. Nos. 32-2 through 32-8; <u>Salt River</u> Memorandum of Points and Authorities,

Dkt. 32-1 at 5, Exhs. 2-7, Dkt. Nos. 32-2 through 32-8; <u>Tohono</u> Memorandum of Points and

Authorities, Dkt. 32-1 at 5, Exhs. 2-7, Dkt. Nos. 32-2 through 32-8.

10.  The granting of this motion for extension of time will promote judicial efficiency and

serve the public interest by enabling Defendants to submit well-researched and thoroughly

analyzed response papers, and accompanying affidavits.  At the same time, however, the denial

of the motion will cause prejudice and harm to Defendants' position, in that Defendants will not

have sufficient time to complete their preparation of the response papers and undertake a full and

thorough review of them with the client agencies before filing.  Denial of this motion and its

consequent impact on Defendants and their counsel's resources also could adversely affect the

ability of counsel to adequately brief the significant class certification and jurisdictional motions

that must soon be filed in these cases.

WHEREFORE, Defendants respectfully request that their motion for sixty-day extension

of time be GRANTED and that the Court allow Defendants until July 14, 2008 to file their

response papers in the above-captioned cases.

Respectfully submitted this 9th day of May, 2008,

RONALD J. TENPAS
Assistant Attorney General

*s/ John H. Martin*
JOHN H. MARTIN
U.S. Department of Justice
Environment and Natural Resources Division
Natural Resources Section
P.O. Box 663
Washington, D.C.  20044-0663
Tel: (303) 844-1383
Fax: (202) 353-2021

Attorney for Defendants

OF COUNSEL:

PAUL SMYTH
ELISABETH BRANDON
THOMAS BARTMAN
Office of the Solicitor
United States Department of the Interior
Washington, D.C.  20240

TERESA DAWSON
Office of the Chief Counsel
Financial Management Service
United States Department of the Treasury
Washington, D.C.  20227