IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Assiniboine & Sioux Tribes of the Fort Peck Indian Reservation v. Norton, et al. | : | Civil Action No. 02-0035 (JR) |
| Standing Rock Sioux Tribe v. Norton, et al. | : | Civil Action No. 02-0040 (JR) |
| Three Affiliated Tribes of the Fort Berthold Reservation v. Norton, et al. | : | Civil Action No. 02-0253 (JR) |
| Shoshone-Bannock Tribes of The Fort Hall Reservation v. Norton, et al. | : | Civil Action No. 02-0254 (JR) |
| Chippewa Cree Tribe of the Rocky Boy's Reservation v. Norton, et al. | : | Civil Action No. 02-0276 (JR) |
| Yankton Sioux Tribe v. Norton, et al. | : | Civil Action No. 03-1603 (JR) |
| Osage Tribe of Indians of Oklahoma v. USA, et al. | : | Civil Action No. 04-0283 (JR) |
| Crow Creek Sioux Tribe v. Kempthorne, et al. | : | Civil Action No. 04-0900 (JR) |
| Omaha Tribe of Nebraska v. Kempthorne, et al. | : | Civil Action No. 04-0901 (JR) |
| Oglala Sioux Tribe v. Kempthorne, et al. | : | Civil Action No. 04-1126 (JR) |
| The Confederated Tribes of the Colville Reservation v. Norton, et al. | : | Civil Action No. 05-2471 (JR) |
| Wyandot Nation of Kansas v. Kempthorne, et al. | : | Civil Action No. 05-2491 (JR) |
| Rosebud Sioux Tribe v. Kempthorne, et al. | : | Civil Action No. 05-2492 (JR) |

| | | |
|---|---|---|
| Winnebago Tribe of Nebraska v. Kempthorne, et al. | : | Civil Action No. 05-2493 (JR) |
| Lower Brule Sioux Tribe v. Kempthorne, et al. | : | Civil Action No. 05-2495 (JR) |
| Prairie Band of Potawatomi Nation v. Kempthorne, et al. | : | Civil Action No. 05-2496 (JR) |
| Te-Moak Tribe of Western Shoshone Indians v. Norton, et al. | : | Civil Action No. 05-2500 (JR) |
| Cheyenne River Sioux Tribe v. Kempthorne, et al. | : | Civil Action No. 06-1897 (JR) |
| Stillaguamish Tribe of Indians v. Kempthorne, et al. | : | Civil Action No. 06-1898 (JR) |
| Iowa Tribe of Kansas and Nebraska v. Kempthorne, et al. | : | Civil Action No. 06-1899 (JR) |
| Confederated Tribes of the Goshute Reservation v. Kempthorne, et al. | : | Civil Action No. 06-1902 (JR) |
| Muskogee (Creek) Nation of Oklahoma v. Kempthorne, et al. | : | Civil Action No. 06-2161 (JR) |
| Eastern Shawnee Tribe of Oklahoma v. Kempthorne, et al. | : | Civil Action No. 06-2162 (JR) |
| Northwestern Band of Shoshone v. Kempthorne, et al. | : | Civil Action No. 06-2163 (JR) |
| Red Cliff Bank of Lake Superior Indians v. Kempthorne, et al. | : | Civil Action No. 06-2164 (JR) |
| Pechanga Band of Luiseno Mission Indians v. Kempthorne, et al. | : | Civil Action No. 06-2206 (JR) |
| Colorado River Indian Tribes v. Kempthorne, et al. | : | Civil Action No. 06-2212 (JR) |

| | | |
|---|---|---|
| Tohono O'Odham Nation v. Kempthorne, et al. | : | Civil Action No. 06-2236 (JR) |
| Nez Perce Tribe, et al. v. Kempthorne, et al. | : | Civil Action No. 06-2239 (JR) |
| Passamaquoddy Tribe of Maine v. Kempthorne, et al. | : | Civil Action No. 06-2240 (JR) |
| Salt River Pima-Maricopa Indian Community v. Kempthorne, et al. | : | Civil Action No. 06-2241 (JR) |
| Coer D'Alene Tribe v. Kempthorne, et al. | : | Civil Action No. 06-2242 (JR) |
| Ak-Chin Indian Community v. Kempthorne, et al. | : | Civil Action No. 06-2245 (JR) |
| Sokaogon Chippewa Community v. Kempthorne, et al. | : | Civil Action No. 06-2247 (JR) |
| Gila River Indian Community v. Kempthorne, et al. | : | Civil Action No. 06-2249 (JR) |
| Northern Cheyenne Tribe of Indians v. Kempthorne, et al. | : | Civil Action No. 06-2250 (JR) |
| Haudenosaunee: The Onondaga Nation v. Kempthorne, et al. | : | Civil Action No. 06-2254 (JR) |
| Jicarilla Apache Nation v. Department of Interior | : | Civil Action No. 07-803 (JR) |

**(Electronically filed on May 29, 2008)**

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR ENLARGEMENT OF TIME WITHIN WHICH TO FILE THEIR MOTION TO DISMISS AND MOTION FOR LEAVE TO EXCEED PAGE LIMITATION**

Trustee-Delegates have moved the Court for an enlargement of time to file their Motion to Dismiss plaintiffs' claims on jurisdictional grounds two-weeks beyond the time prescribed by this Court's May 6, 2008 Order, and to exceed by 30 pages the 45-

page limitation imposed by Local Rule 7(e). The Ak-Chin Indian Community, Salt River Pima-Maricopa Indian Community, Passamaquoddy Tribe of Maine and Tohono O'Odham Nation ("Plaintiff-Beneficiaries") oppose Trustee-Delegates' Motion on the following grounds:

1. Trustee-Delegates have been intending to file a Motion to Dismiss for several months now and have had ample time to prepare it. Trustee-Delegates announced their intention to file a Motion to Dismiss on jurisdictional grounds over three months ago in their Proposed Case Management Report filed in *Ak-Chin Indian Community v. Kempthorne, et al*., Civil Action No. 06-2245 (JR). In that February 15 Report, Trustee-Delegates proposed to this Court that jurisdictional issues be resolved "as soon as possible" and that Trustee-Delegates file their Motion to Dismiss on jurisdictional grounds within 60 days of the Court's entry of a Case Management Order. *See* Defendants' Reply In Support of Motion for Leave to Respond to Plaintiffs' Status Reports and to File Proposed Revised Report and Proposed Case Management Order, Defendants' [Proposed] Revised Report Pursuant to Fed.R.Civ. P. 26(f) and Local Rule 16.3, at p. 3. [Docket No. 32]. This Court also recognized that Trustee-Delegates have unduly delayed filing their Motion to Dismiss by recently questioning why Trustee-Delegates had waited one year and a half to file it. *See Nez Perce Tribe, et al. v. Kempthorne, et al*., Transcript of May 8, 2008 Status Conference, p. 12 ("*Nez Perce* Transcript" ("But it seems to me that if the government has got a motion to dismiss, let it file it. I mean, this case has been pending for a year and a half. I don't know why they didn't file it until now. There's been no restriction on the government in filing a motion to dismiss.").

3. Trustee-Delegates' Motion for a two-week enlargement of time to file their Motion to Dismiss disrupts the Court's May 6, 2008 Scheduling Order setting briefing deadlines and scheduling oral argument on Trustee-Delegates' Motion to Dismiss for July 24, 2008. This Court issued the May 6 Order after consulting with Trustee-Delegates' counsel and plaintiffs' counsel in the *Nez Perce* case regarding acceptable deadlines on the Motion to Dismiss. (*Nez Perce* Transcript at p. 12-13). The Court tailored the schedule so that principal briefing would be completed by July 10, 2008 and oral argument on the Motion to Dismiss could be held on July 24, 2008 at 10:00 a.m. (*Nez Perce* Transcript, at p. 20.) Under that schedule, Trustee-Delegates' Motion to Dismiss is due on June 5th, plaintiffs' principal briefs opposing the Motion to Dismiss are due on June 26th, and individualized oppositions setting forth unique arguments are due by July 3rd. The Court provided Trustee-Delegates with an opportunity to reply to the principal briefs on July 10th and until July 17th to prepare replies to the individualized oppositions. Under this briefing schedule, granting Trustee-Delegates a two-week enlargement will push the deadline for Plaintiff-Beneficiaries to file principal briefs to July 10th and to prepare individualized oppositions to July 17th -- only one-week prior to the scheduled July 24 Hearing -- and allows no time for reply briefs prior to the scheduled July 24 Hearing.

4. Trustee-Delegates have acknowledged that their request for a two-week extension threatens the Court's briefing structure and July 24 Hearing date. In a communication with Plaintiff-Beneficiaries' counsel, Trustee-Delegates proposed that the hearing date be moved back five weeks, to August 31, 2008, but there is nothing in Trustee-Delegates' Motion to that effect. *See* May 28, 2008 e-mail from Kevin Reagan

(attached as Exhibit A). The Court's timely consideration of the issues before it on July 24th -- which also include Plaintiff-Beneficiaries' Motion for Document Preservation (filed on April 29, 2008) and plaintiffs' Motion for Class Certification in *Nez Perce* -- should not be thwarted by allowing Trustee-Delegates an enlargement that is not justifiable. To prohibit disruption of the July 24th Hearing date, should this Court grant Trustee-Delegates the extension they seek, then all other deadlines should be moved back two weeks and Trustee-Delegates should forgo their right to reply on the Motion to Dismiss.

5. Under the current schedule, Trustee-Delegates have been provided with 30 days to prepare a Motion to Dismiss that they have long anticipated they would file. In contrast, Plaintiff-Beneficiaries only have 21 days to respond to the Motion to Dismiss, while at the same time coordinating with other plaintiffs' counsel to prepare one or two principal briefs. If either party should be permitted an extension prior to the July 24 Hearing, it is Plaintiff-Beneficiaries. Permitting Trustee-Delegates an additional two weeks to file their Motion to Dismiss unfairly forecloses that possibility without moving the July 24 Hearing date.

6. While Plaintiff-Beneficiaries do not oppose allowing Trustee-Delegates to exceed the 45-page limitation by an additional five (5) pages, Trustee-Delegates' request for leave to file a 75-page brief is unreasonable. Trustee-Delegates' Motion to Dismiss on jurisdictional grounds is not remarkable or unusually complicated and does not warrant more than fifty-pages of briefing. A better and fairer solution is to provide five additional pages to both sides.

This 29th day of May, 2008.

Respectfully submitted,

/s/ Keith Harper

KEITH HARPER
D.C. Bar No. 451956
E-mail: kharper@kilpatrickstockton.com
G. WILLIAM AUSTIN
D.C. Bar No. 478417
E-mail: baustin@kilpatrickstockton.com
CATHERINE F. MUNSON
Georgia Bar No. 529621, Admitted *Pro Hac Vice*
Email: cmunson@kilpatrickstockton.com
KILPATRICK STOCKTON LLP
607 14th Street, N.W.
Washington, D.C. 20005
Phone: (202) 508-5800
*Attorneys for Attorneys for the Ak-Chin Indian Community, Salt River Pima-Maricopa Indian Community, Passamaquoddy Tribe of Maine and Tohono O'Odham Nation*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Assiniboine & Sioux Tribes of the Fort Peck Indian Reservation v. Norton, et al. | : | Civil Action No. 02-0035 (JR) |
| Standing Rock Sioux Tribe v. Norton, et al. | : | Civil Action No. 02-0040 (JR) |
| Three Affiliated Tribes of the Fort Berthold Reservation v. Norton, et al. | : | Civil Action No. 02-0253 (JR) |
| Shoshone-Bannock Tribes of The Fort Hall Reservation v. Norton, et al. | : | Civil Action No. 02-0254 (JR) |
| Chippewa Cree Tribe of the Rocky Boy's Reservation v. Norton, et al. | : | Civil Action No. 02-0276 (JR) |
| Yankton Sioux Tribe v. Norton, et al. | : | Civil Action No. 03-1603 (JR) |
| Osage Tribe of Indians of Oklahoma v. USA, et al. | : | Civil Action No. 04-0283 (JR) |
| Crow Creek Sioux Tribe v. Kempthorne, et al. | : | Civil Action No. 04-0900 (JR) |
| Omaha Tribe of Nebraska v. Kempthorne, et al. | : | Civil Action No. 04-0901 (JR) |
| Oglala Sioux Tribe v. Kempthorne, et al. | : | Civil Action No. 04-1126 (JR) |
| The Confederated Tribes of the Colville Reservation v. Norton, et al. | : | Civil Action No. 05-2471 (JR) |
| Wyandot Nation of Kansas v. Kempthorne, et al. | : | Civil Action No. 05-2491 (JR) |
| Rosebud Sioux Tribe v. Kempthorne, et al. | : | Civil Action No. 05-2492 (JR) |

| Case | | Civil Action |
|---|---|---|
| Winnebago Tribe of Nebraska v. Kempthorne, et al. | : | Civil Action No. 05-2493 (JR) |
| Lower Brule Sioux Tribe v. Kempthorne, et al. | : | Civil Action No. 05-2495 (JR) |
| Prairie Band of Potawatomi Nation v. Kempthorne, et al. | : | Civil Action No. 05-2496 (JR) |
| Te-Moak Tribe of Western Shoshone Indians v. Norton, et al. | : | Civil Action No. 05-2500 (JR) |
| Cheyenne River Sioux Tribe v. Kempthorne, et al. | : | Civil Action No. 06-1897 (JR) |
| Stillaguamish Tribe of Indians v. Kempthorne, et al. | : | Civil Action No. 06-1898 (JR) |
| Iowa Tribe of Kansas and Nebraska v. Kempthorne, et al. | : | Civil Action No. 06-1899 (JR) |
| Confederated Tribes of the Goshute Reservation v. Kempthorne, et al. | : | Civil Action No. 06-1902 (JR) |
| Muskogee (Creek) Nation of Oklahoma v. Kempthorne, et al. | : | Civil Action No. 06-2161 (JR) |
| Eastern Shawnee Tribe of Oklahoma v. Kempthorne, et al. | : | Civil Action No. 06-2162 (JR) |
| Northwestern Band of Shoshone v. Kempthorne, et al. | : | Civil Action No. 06-2163 (JR) |
| Red Cliff Bank of Lake Superior Indians v. Kempthorne, et al. | : | Civil Action No. 06-2164 (JR) |
| Pechanga Band of Luiseno Mission Indians v. Kempthorne, et al. | : | Civil Action No. 06-2206 (JR) |
| Colorado River Indian Tribes v. Kempthorne, et al. | : | Civil Action No. 06-2212 (JR) |

| | | |
|---|---|---|
| Tohono O'Odham Nation v. Kempthorne, et al. | : | Civil Action No. 06-2236 (JR) |
| Nez Perce Tribe, et al. v. Kempthorne, et al. | : | Civil Action No. 06-2239 (JR) |
| Passamaquoddy Tribe of Maine v. Kempthorne, et al. | : | Civil Action No. 06-2240 (JR) |
| Salt River Pima-Maricopa Indian Community v. Kempthorne, et al. | : | Civil Action No. 06-2241 (JR) |
| Coer D'Alene Tribe v. Kempthorne, et al. | : | Civil Action No. 06-2242 (JR) |
| Ak-Chin Indian Community v. Kempthorne, et al. | : | Civil Action No. 06-2245 (JR) |
| Sokaogon Chippewa Community v. Kempthorne, et al. | : | Civil Action No. 06-2247 (JR) |
| Gila River Indian Community v. Kempthorne, et al. | : | Civil Action No. 06-2249 (JR) |
| Northern Cheyenne Tribe of Indians v. Kempthorne, et al. | : | Civil Action No. 06-2250 (JR) |
| Haudenosaunee: The Onondaga Nation v. Kempthorne, et al. | : | Civil Action No. 06-2254 (JR) |
| Jicarilla Apache Nation v. Department of Interior | : | Civil Action No. 07-803 (JR) |

**(Electronically filed on May 29, 2008)**

**PROPOSED ORDER**

This matter comes before the Court on Defendants' Motion for Two-Week Enlargement of Time Within Which to File Motion to Dismiss on Jurisdictional Issues, and Motion for Leave to Exceed Page Limitation for Memorandum and Points of

Authorities In Support of Motion to Dismiss. After careful consideration and review of the Motion and Plaintiffs' Opposition, the Court hereby DENIES Defendants' Motion.

SO ORDERED this _______ day of ______________, 2008.

______________________________
James Robertson
United States District Judge

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR ENLARGEMENT OF TIME WITHIN WHICH TO FILE THEIR MOTION TO DISMISS AND MOTION FOR LEAVE TO EXCEED PAGE LIMITATION AND PROPOSED ORDER was electronically filed using the Court's ECF system and that the below-listed counsel are ECF users and will be served via the ECF System:

John H. Martin, Esq.
United States Department of Justice
Environmental and Natural Resources Division
Natural Resources Section
1961 Stout Street, Eighth Floor
Denver, CO 80294

Kevin E. Regan, Esq.
United States Department of Justice
Environmental and Natural Resources Division
Natural Resources Section
P.O. Box 663
Washington, D.C. 20044-0663

This 29th day of May, 2008.

/s/ Keith Harper
KEITH HARPER
D.C. Bar No. 451956
E-mail: kharper@kilpatrickstockton.com
G. WILLIAM AUSTIN
D.C. Bar No. 478417
E-mail: baustin@kilpatrickstockton.com
CATHERINE F. MUNSON
Georgia Bar No. 529621, Admitted *Pro Hac Vice*
Email: cmunson@kilpatrickstockton.com
KILPATRICK STOCKTON LLP
607 14th Street, N.W.
Washington, D.C. 20005
Phone: (202) 508-5800

*Attorneys for the Ak-Chin Indian Community, Salt RiverPima-Maricopa Indian Community, Passamaquoddy Tribe of Maine and Tohono O'Odham Nation*

**EXHIBIT A**

**Munson, Catherine**

| | |
|---|---|
| **From:** | Regan, Kevin (ENRD) [Kevin.Regan@usdoj.gov] |
| **Sent:** | Wednesday, May 28, 2008 1:22 PM |
| **To:** | Regan, Kevin (ENRD); Harper, Keith; Munson, Catherine; Austin, Bill |
| **Cc:** | Maroldy, Laura (ENRD); Hoang, Anthony (ENRD); Martin, John H. (ENRD-NRS); Collins, Brian M. (ENRD); Hoang, Anthony (ENRD) |
| **Subject:** | RE: Ak-Chin Indian Community v. Kempthorne, et al.; Passamaquoddy Tribe of Maine v. Kempthorne, et al.; Salt River Pima Maricopa v. Kempthorne, et al.; Tohono O'odham Nation v. Kempthorne, et al. |

Counsel,

Defendants anticipate filing a motion for a two-week enlargement of time to file their motion to dismiss. Defendants also anticipate filing a motion for leave to exceed the page limitation provided in Local Civil Rule 7(e) by 30 pages, i.e. up to and including 75 pages. Defendants currently plan to file those motions by Thursday, May 29, 2008.

Defendants anticipate requesting that the entire briefing schedule be adjusted forward by two weeks, except for the date of oral argument, which we propose to schedule for August 31, 2008 (due to the unavailability of certain counsel), but we are open to discussion on the dates.

I would like to confer with you pursuant to Local Civil Rule 7(m) to learn whether you oppose, do not oppose, or have no position on the anticipated motions, and whether you have further input on the potential alteration of the briefing schedule for the motion to dismiss. Please email me or call me at your soonest convenience.

Thanks,

Kevin E. Regan
U.S. Department of Justice
Natural Resources Section
P.O. Box 663
Ben Franklin Station
Washington, DC 20044-0663
Tel: (202) 305-3022
Fax: (202) 353-2021