IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SALT RIVER PIMA-MARICOPA, ) <br> INDIAN COMMUNITY, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DIRK KEMPTHORNE, *et al.*, ) <br> ) <br> Defendants. ) <br> _____) | Case No. 06-CV-02241-JR <br> Judge James Robertson |

### NOTICE OF FILING OF CORRECTED DECLARATION OF JULIA LANGAN

In connection with Defendants' Response to Plaintiff's Motion for Entry of Trust Record Preservation Order (Docket # 43), Defendant hereby files the attached corrected declaration of Julia Langan, dated June 23, 2008, which replaces the version at Tab 37 of the exhibits filed June 20, 2008. This corrected declaration contains revised attestation language in the first sentence.

Dated: June 24, 2008

Respectfully submitted,

RONALD J. TENPAS
Assistant Attorney General

/s/     *Brian M. Collins*
JOHN H. MARTIN
BRIAN M. COLLINS
ANTHONY P. HOANG, FL Bar # 0798193
United States Department of Justice
Environment and Natural Resources Division
Natural Resources Section
P.O. Box 663
Washington, D.C. 20044-0663
Tel: (303) 844-1383
Tel: (202) 514-4565
Tel: (202) 305-0241
Fax: (202) 353-2021

Attorneys for Defendants

OF COUNSEL:

PAUL SMYTH
ELISABETH BRANDON
THOMAS BARTMAN
Office of the Solicitor
United States Department of the Interior
Washington, D.C. 20240

TERESA DAWSON
Office of Chief Counsel
Financial Management Service
United States Department of the Treasury
Washington, D.C. 20227

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was electronically filed using the Court's ECF system and that the below-listed counsel are ECF users and will be served via the ECF system:

    KEITH HARPER
    G. WILLIAM AUSTIN
    Kilpatrick Stockton LLP
    607 14th Street, N.W.
    Washington, D.C. 20005
    Phone: (202) 508-5800

Date: June 24, 2008

                                                   /s/   Brian M. Collins

# DECLARATION OF JULIA LANGAN

I, Julia M. Langan, pursuant to 28 U.S.C. §1746 and based on personal knowledge or information provided to me in my official capacity, do hereby declare and state under penalty of perjury:

1. I am the Superintendent of the Pawnee Agency for the Bureau of Indian Affairs ("BIA"), a position I have held since February 1987. My responsibilities as the Superintendent of a Multi-Tribal Agency include planning, implementing, directing, monitoring and evaluating the BIA's trust responsibilities and program services within the Pawnee Agency's jurisdiction. The following tribes are included under the jurisdiction of the Pawnee Agency: Kaw Nation of Oklahoma, the Otoe-Missouria Tribe of Indians of Oklahoma, the Pawnee Nation of Oklahoma, Ponca Tribe of Oklahoma and Tonkawa Tribe of Oklahoma.

2. The services provided by the Agency to the Pawnee Nation Tribe include, but are not limited to: Farming & Grazing leasing (25 C.F.R.§ 162, Leases & Permits); Land Operations (25 C.F.R. § 162, Leases & Permits and 25 C.F.R. § 166, Grazing Permits); Oil & Gas leasing (25 C.F.R. § 212, Leasing of Allotted Lands For Mineral Development); Rights-of-Ways (25 C.F.R. § 169, Rights-of-Ways Over Indian Lands); Acquisition & Disposal (25 C.F.R. § 151, Land Acquisitions and 25 C.F.R. § 152, Issuance of Patents in Fee, Certificates of Competency, Removal of Restrictions, and Sale of Certain Indian Lands); Social Services (25 C.F.R. § 20, Financial Assistance and Social Services Programs); Probate (25 C.F.R. § 15, Probate of Indian Estates, Except for Members of the Five Civilized Tribes and 43 C.F.R. § 4, Department Hearing and Appeals Procedures); Administration (provides administrative system controls and expertise which directly supports the operation of all Agency programs) and Executive Direction (provides decision making authority related to Agency policy formulation; establishes goals and objectives; exercises the Bureau's trust responsibilities and provides program/administrative oversight).

3. The Pawnee Agency works together with the Office of Trust Records ("OTR") to maintain and safeguard Pawnee Nation's trust records. The Agency maintains approximately five (5) cubic feet of Pawnee Nation records, which are located in the following Divisions: Realty (oil & gas leases and farming & grazing leases); Executive Direction (SF 135s and copies of litigation documents) and Tribal Government (correspondence files). There are no records stored off-site or in storage buildings; some of these records are stored in fire-proof cabinets and some are stored in regular cabinets. Because the Agency building was built in 1932 and has wooden floors, it is not conducive to support additional fireproof files above those currently maintained at the Agency. The Pawnee Agency has actively shipped inactive records to the American Indian Records Repository ("AIRR") for additional storage and maintenance.

4.  All employees of the Pawnee Agency have received mandatory Records Management Training. This training is provided and scheduled by the Office of Trust Records in Albuquerque, New Mexico and is held over a period of two to three days. Various topics are explained in this training, including the following: how to create, identify and manage records (including Indian Fiduciary Trust records), how to maintain records, how to create and maintain File Maintenance & Disposition Plans and how to label and file Frozen & Litigation Records. When employees complete the training, they are knowledgeable in management and maintenance of records in accordance with the 16 BIAM Records & Files Disposition Handbook. This handbook includes the standard instructional guidelines for all Bureau of Indian personnel who maintain Bureau files.

5.  The Office of Trust Review and Audit ("OTRA") of the Office of the Special Trustee for American Indians ("OST") reviewed the Agency's records management procedures and conditions in a report dated October 15, 2004. The report noted that the Agency needed to: complete file & cabinet labeling, standardize E-mail filing, Designate Records Contact for both the Farming & Grazing and Acquisition & Disposition offices, lock and secure files and offices, complete a File Maintenance & Disposition Plan for each office within the Agency, purchase fireproof files, address unscheduled records (records whose final disposition has not been approved by the National Archives), secure structural analysis, review vital records regulations and continue to transfer backlogged records to the AIRR. In response to that report, the Agency took the following steps: labeled files and cabinets, maintained E-mail filing, designated a records contact for Realty, Farming & Grazing and the Acquisition & Disposition offices, locked and secured all offices and files, completed a File Maintenance & Disposition Plan for each office in the Agency, maintained fireproof files in accordance with structural floor capacity, coordinated with the Southern Plains Regional Records Liaison ("RRL") on unscheduled records, completed structural analysis, provided Vital Records Training to Agency employees (conducted by the Southern Plains Regional RRL; training focuses on how to handle records in the instance of flood, fire and other acts of God) and transferred backlogged records to the AIRR (an ongoing process).

6.  Pawnee Agency employees are aware of the Department-wide policy to preserve all Indian trust records. On or about March 12, 2007, the Agency received a Memorandum signed by Lawrence L. Jensen, Deputy Solicitor, subject: Litigation Hold: Preservation of Information in Tribal Trust Cases, dated March 12, 2007, which was addressed to all Interior offices and bureaus ("Jensen Memo"). The Jensen Memo directed those offices and bureaus to, among other things, preserve information potentially relevant to any tribal trust litigation, including, but not limited to, this case. The Jensen Memo also identified common issues in tribal trust cases and directed the continued preservation of electronic and paper records potentially relevant to these cases. The Jensen Memo was shared with respective staff members and the Department wide policy on retention of trust records was reiterated as well. Because of the *Cobell* litigation and with the filing of subsequent lawsuits, Agency personnel have been continuously advised and reminded of the importance of preserving trust information and documentation. Through periodic staff meetings and certifications of receipt of copies of pertinent memoranda and instructions, Agency employees are always kept up-to-date on matters involving document presentation. Document preservation is a topic also covered with new employees during

orientation in reference to the 16 BIAM Handbook. Guidelines and instructions are provided to new employees in advance of attending mandatory records training classes.

7. Pawnee Agency staff members are fully aware of and in compliance with the policies and procedures as issued by the Department in the handling and preservation of trust records in the Agency. I have directed Agency employees to follow the guidelines provided in the 16 BIAM Records & Files Disposition Handbook and the Instructions & Memoranda issued by the Interior Deputy Secretary of Interior, Deputy Commissioner of Indian Affairs, Director of the Office of the Special Trustee for American Indians. The handbook provides guidelines on the protection, safeguarding and maintenance of records (including tribal trust records).

8. Additionally, any movement of records, including the archiving of a record or transferring a record from office to office, is coordinated through the OTR Regional Records Liaison ("RRL"), Novella Hunt, who is located at the Southern Plains Regional Office in Anadarko, Oklahoma. Further, Records Plans are prepared (pursuant to Departmental policy and procedures) by each office and provided to the RRL for concurrence on the handling and storage of records housed within each office. Through OTR, the Pawnee Agency has moved approximately 406 cubic feet of inactive records (of those, approximately 6.5 cubic feet are Pawnee Tribal Records), to the AIRR without incident.

9. The Document Preservation Order, as proposed, would impede the orderly transfer of records to the AIRR in that it will impose at least an additional 20 days to the standard movement procedures presently followed. As boxes are prepared for shipment, they are stored in available space while awaiting approval of shipment. If additional records need to be prepared for shipment, there is insufficient space to accommodate additional boxes for storage. Because of the already limited space allotted for filing cabinets, it is necessary that expiring case files be moved in order for current files to be placed in available file drawers. Any additional time tacked on to the current process will create a storage crisis for the Agency. In the case of some unforeseen event (flood, fire and other acts of God) it may be necessary to move records immediately to preserve and/or move them away from a potential threat. Providing Plaintiffs with a mandatory 20 days notice, prior to moving such records, would prevent the Agency from protecting these records from potential damage or destruction. The Agency needs to maintain the ability to freely move records in these situations without further time constraints, in order to continue fulfilling our responsibilities of protecting and safeguarding these records.

10. BIA Agency employees are required to forward any questions about records preservation policies and procedures to their designated contact who would then report to me if the contact was unable to respond. I have directed all Agency employees to promptly report any suspected incidents of alteration, mistreatment or destruction of Relevant Records to me and I will immediately report any such incidents to the Solicitor's Office.

11. As Superintendent of the Pawnee Agency, I have assumed the responsibility of ensuring the overall safety and protection of all Agency records since 1987. I am very familiar with the file location, content, condition and inventory of these records in each of the Agency program offices, and I constantly monitor files, including the filing and maintenance of records. The Pawnee Agency is a small Agency and program records are located in each of the offices,

which makes it easier to remain vigilant in the observance and monitoring of how Agency records are being maintained. As of today's date, no such incidents of alteration, mistreatment or destruction of Relevant Records have been reported to me. All of the Agency records, including all trust records and those tribal trust records of the Pawnee Nation of Oklahoma continue to be preserved, per Departmental policy. I understand that further guidance may be issued from time to time by the Solicitor's Office on compliance with our preservation policies and procedures, and I am prepared to fully implement such guidance.

Executed this 23rd day of June, 2008.

_____
JULIA M. LANGAN